**SPEARMAN et al. v. STOVER.**

**SPEARMAN v. SAME.**

No. 5367.

Court of Appeal of Louisiana. Second Circuit.

Oct. 30, 1936.

———◇———

Irion & Switzer, of Shreveport, for appellant.

.Hendrick & Hendrick and Harry V. Booth, all of Shreveport, for appellees.

HAMITER, Judge.

On the night of December 9, 1935, Marcus B. Spearman was driving his Chevrolet sedan in a southerly direction on Louisiana highway No. 8, accompanied by his brothers Blanch Spearman and Odys Spearman. A large motortruck owned and operated by defendant, D. A. Stover, a resident of the state of Missouri, was proceeding north on that highway, and collided with the Spearman car on a narrow bridge located about one mile south of the town of Rodessa in Caddo parish. The accident resulted in the death of Marcus B. Spearman and the injuring of Odys Spearman, a minor.

These damage suits were brought against D. A. Stover, by Mildred Spearman, widow of Marcus B. Spearman, appearing for herself and as natural tutrix for her minor children, and by J. C. Spearman, individually and with his wife, Oma Spearman, for the use and benefit of their minor son, Odys Spearman.

The allegations of both petitions are substantially identical, with reference to the question of liability, the defendant being charged therein with various acts of negligence.

As Stover was a nonresident of the state of Louisiana, service of process was sought to be made on him pursuant to the provisions of Act No. 86 of 1928, as amended by Act No. 184 of 1932.

An exception to the jurisdiction, ratione personæ, was filed in each proceeding by the defendant. Trial was had on these

exceptions, and evidence was adduced. Subsequently, they were argued, submitted, and overruled.

With full reservation of all of his rights under the exceptions, defendant Stover thereafter submitted respectively motions for extension of time in which to plead, motions for bills of particulars, and answers. The first-mentioned motions were sustained, and the latter were sustained in part but otherwise overruled.

The answers reiterated defendant's original contention that the court was without jurisdiction of him, generally denied plaintiffs' allegations of negligence, and affirmatively averred negligence on the part of Marcus B. Spearman and Odys Spearman.

The cases were then consolidated and tried on their merits. Thereafter, a judgment was rendered against Stover in favor of J. C. Spearman and Oma Spearman, for the use and benefit of their minor son, Odys Spearman, in the sum of $150, and in favor of J. C. Spearman in the additional sum of $31. There was also judgment against Stover in favor of Mildred Spearman, individually, in the sum of $5,-150, and in her favor as tutrix for her minor children in the additional sum of $5,000.

Defendant Stover prosecuted devolutive appeals from those judgments.

In this court, appellant insists that his exceptions to the jurisdiction of the court, ratione personæ, were erroneously overruled. It is contended and argued that as he was a nonresident of Louisiana and did not receive service of process in accordance with the provisions of Act No. 86 of 1928, as amended by Act No. 184 of 1932, no personal judgments could be legally rendered against him.

The first section of that act, as amended, provides for the appointment of the secretary of state as agent for service of process by a nonresident user of the Louisiana highways, and reads: "The acceptance by non-residents of the rights and privileges conferred by existing laws to operate motor vehicles on the public highways of the State of Louisiana, or the operation by a non-resident or his authorized employee of a motor vehicle on the said highways other than under said laws, shall be deemed equivalent to an appointment by such non-resident of the Secretary of the State of Louisiana or his successor in office, to be his true and lawful attorney for service of process, upon whom may be served all lawful process in any action or proceeding against said non-resident growing out of any accident or collision in which said non-resident may be involved while operating a motor vehicle on such highways, or while same is operated by his authorized employee; and said acceptance or operation of said vehicle shall be a signification of his agreement that any such process against him which is so served shall be of the same legal force and validity as if served on him personally."

The method to be employed in making service of process under the act is set forth in the second section, as follows: "The service of such process shall be made by serving a copy of the petition and citation on the Secretary of State, or his successor in office, and such service shall be sufficient service upon said non-resident; provided that notice of such service, together with a copy of the petition and citation are forthwith sent by registered mail by the plaintiff to the defendant, or are actually delivered to the said defendant, and defendant's return receipt, in case notice is sent by registered mail, or affidavit of the party delivering the petition and citation in case notice is made by actual delivery, is filed in the proceedings before judgment can be entered against said non-resident. The Court in which the action is pending may order such continuances as may be necessary to afford the defendant reasonable opportunity to defend the action."

The record in these cases reveals that shortly after the accident, defendant told plaintiffs' attorney that his home was in Joplin, Mo., but that occasionally he was in Tulsa, Okl. The return address on a letter which he later wrote to the Williamson Motor Company of Vivian, La., was Joplin, Mo. In a subsequent letter, postmarked Cason, Tex., and dated January 22, 1936, he requested that motor company to address him in care of Mrs. R. B. Stover, North Trenton street, Tulsa, Okl. His truck carried a Missouri license.

After the filing of the suits, service of process in each case was duly made on the secretary of state. Notice of such service, together with copies of the petitions and citations, were then placed in a sealed envelope by plaintiffs' attorney and sent by registered mail to "Mr. D. A.

Stover, c/o Mrs. R. B. Stover, Joplin, Missouri," and a return receipt was requested. This registered letter was never received by the addressee. It was returned to the sender. A notation of the postal authorities on the unopened envelope gives the reason for nondelivery as "unclaimed" and "unknown." Consequently, the record contains no return receipt of the defendant. No actual delivery of the above-mentioned papers to the defendant appears to have been attempted. At least, an affidavit showing such delivery was not filed in the proceedings.

 It is a fundamental and well-known rule of law that process from a court of one state cannot flow into another state and compel a person who is there domiciled to subject himself to a proceeding to establish his personal liability in the court from which the process issued. Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565. But it is a matter of common knowledge that serious damages to persons and property often attend the use of motor vehicles, even when they are skillfully and carefully operated, and by reason of that, a state is granted and has the power and right, in the interest of the public, to not only regulate the use of its highways by residents thereof, but also by nonresidents. Hendrick v. State of Maryland, 235 U.S. 610, 35 S.Ct. 140, 59 L.Ed. 385. And in affording protection to its citizens and providing the necessary and proper regulations, such state may declare by statute that the use of its highways by a nonresident motorist is equivalent to his appointment of a state official on whom service of process may be made in suits against him growing out of automobile collisions which occur in such state. Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091.

A statute, however, which provides for such enforced appointment, must also provide for the giving of proper and adequate notice to the nonresident motorist, when he is made a party defendant in a suit. Otherwise, the motorist would be deprived of rights and privileges secured to him by the Constitution of the United States, and the statute would be unconstitutional. Wuchter v. Pizzutti, 276 U.S. 13, 48 S.Ct. 259, 72 L.Ed. 446, 57 A.L.R. 1230.

 Considering now the Louisiana statute in question, we find that it not only provides for the appointment of the secretary of state by the nonresident as his

agent or attorney for the service of process, but it also specifically requires that notice of a suit be given such nonresident either by registered mail or by actual delivery. Before judgment can be entered against him, evidence of the receipt of the notice must be filed in the proceeding. This evidence consists of the defendant's return receipt, if notice is given by registered mail, or an affidavit of the party delivering the notice, in case it is perfected by actual delivery. If this statute provided only for the service of process on the secretary of state, its provisions would be violative of the Federal Constitution. Wucher v. Pizzutti, supra. Accordingly, the portion pertaining to the giving of proper notice to the nonresident is as essential as that referring to the serving of the secretary of state. A full compliance with all of the provisions of the act is indispensable in effecting service, and in affording due process of law to such nonresident. Moore v. Payne (D.C.) 35 F.(2d) 232.

 Furthermore, this statute is in derogation of common rights. Hence, it must be strictly construed and strictly followed. Day v. Bush et al., 18 La.App. 682, 139 So. 42; Blashfield's Cyclopedia of Automobile Law and Procedure (Permanent Edition), § 5914.

 The giving of the required notice to Stover was attempted only by registered mail. Under the plain provisions of the statute, a valid and binding judgment against him was not authorized until after his return receipt was filed in the proceedings. Such a filing was, of course, not performed, because he did not execute a receipt. Judgments against the nonresident defendant, however, were rendered and signed by the trial court. These were invalid.

 The process of mailing the registered letter to the nonresident at the address given by him was not of itself a substantial compliance with the provisions of the act. Nor can it be said that his special appearance to question the jurisdiction of the court, which action presumes knowledge of the suits, constituted a waiver of his right to receive the required notice. If a special appearance to contest a court's jurisdiction had that effect, no one could ever plead in limine the invalidity of service of process. Syracuse Trust Co. v. Keller, 5 W. W. Harr. (35 Del.) 304, 165 A. 327.

An act similar to the one hereinabove quoted was involved in the case of Employers' Liability Assurance Corp. v. Perkins, 169 Md. 269. 181 A. 436, 440. The Maryland Court of Appeal stated: "If the terms of the act prescribe a valid notification, the defendant must be notified in the statutory method. The fact that the defendant had, in any other than the specified manner, acquired actual knowledge of the bringing of the action and its nature, would not confer a jurisdiction which arises only upon the fulfillment of the definite and uniform conditions erected by a constitutional enactment."

It is not disclosed or revealed in these cases that the registered letter containing the required notices was presented to defendant, and that he refused to accept it or sign a registered receipt. Therefore, we are not called upon to and do not pass upon the legal significance and effect of such a refusal.

Our Supreme Court had before it the case of Eastman v. Benton, 184 La.. 620, 167 So. 169, in which the provisions of the herein discussed act were at issue. The case was there by reason of writs granted after the trial court had overruled the nonresident's exception to the citation. Defendant contended that he was entitled to have plaintiff produce in limine the proof of notice required by the act. The Supreme Court, as shown by the opinion of Mr. Justice Fournet, recognized that the required and specified proof of notice must be made before judgment could be rendered against the nonresident. However, inasmuch as plaintiff's counsel testified that he had complied with the requirements of the act, but did not choose to disclose the return receipt card and copy of the registered letter at that time, the court found no good reason to compel him to make the disclosure at that stage of the proceeding when the act did not require it.

The case of Smyrnios v. Weintraub (D. C.) 3 F.Supp. 439, concerned a statute of Massachusetts very similar to the one herein. Service of process was made on the proper state official. The plaintiff then forthwith sent the required notices by registered mail to the nonresident motorist at a given address and demanded return receipts. The registered letters were returned with the notation that the addressee could not be found. Consequently, the defendant's return receipt could not be filed in the proceedings as required. The federal District Court held that the giving of notice by one of the methods provided for in the statute was a requisite step in effecting service of process, and that the defendant in that case had not been duly served.

The nonresident defendant in the case of Dwyer v. Shalek, 232 App.Div. 780, 248 N.Y.S. 355, 356, refused to accept the notice and sign a registered receipt. The Supreme Court of New York held that: "Service upon the defendant was not in conformity with the provisions of section 52 of the Vehicle and Traffic Law, which provides that notice of service upon the secretary of state and a copy of the summons therewith be sent by registered mail by plaintiff to the defendant, and that the defendant's return receipt, the plaintiff's affidavit of compliance, and a copy of the summons and complaint be filed with the clerk of the court, since no such receipt was signed by the defendant and therefore not returned."

The fact that defendant proceeded to the trial of the merits of these cases, instead of permitting default judgments to be entered against him, did not constitute a waiver of his right to question the jurisdiction of the court, ratione personae. When he made a special appearance at the outset and excepted to the court's jurisdiction, he did all that was required of him by the law of this state. In the interest of preserving all of his rights, however, each of his subsequent pleadings contained specific reservations under the exceptions. The latest expression of our Supreme Court on this question of waiver of jurisdiction is found in the case of Snyder v. Davison, 172 La. 274, 134 So. 89, 91. In its opinion, written by Mr. Chief Justice O'Niell, the Supreme Court said: "The rule established by the Supreme Court of the United States, and the rule in this state, and as far as we are aware, the universal rule, is that the question of jurisdiction of a court, ratione personæ, is not presumed to be waived unless the defendant fails or neglects, in his first appearance in the suit, to except to the jurisdiction of the court. If the defendant, being sued in a court that has not jurisdiction ratione personæ, excepts to the jurisdiction when he first appears in the suit, and urges the exception before making any other defense, and if the exception is overruled, he is not compelled to allow judgment to go against him by default, but may there-

after resort to any other appropriate means of defense, without reiterating his protest against the jurisdiction of the court, and without thereby creating a presumption that he has abandoned his exception to the jurisdiction of the court. When a judge has erroneously overruled an exception to his jurisdiction, there is no good reason why the exceptor should continue to remind the judge of his error at every stage of the proceedings, in order to avoid a presumption that he (the exceptor) acquiesces in the erroneous ruling."

The act involved in these proceedings prescribes specifically the method to be employed in subjecting a nonresident motorist to the jurisdiction of the courts of this state. In the cases at bar, the requirements of the act were not fully complied with, and service of process on defendant Stover was not effected. The trial court had no jurisdiction of him at the time of its rendering the judgments, and such judgments were, therefore, null and void.

As the nonresident in these cases was not properly brought into court, we cannot and do not express ourselves on the merits of the damage claims involved.

It is therefore ordered that in both of the cases herein, defendant's exceptions to the jurisdiction, ratione personæ, are sustained, the judgments of the trial court are reversed and plaintiffs' suits are dismissed.

Costs of both courts shall be paid by the plaintiffs.