LOTTINGER, Judge.
The plaintiff in this suit seeks to recover damages, individually and on behalf of his minor son, arising out of an automobile accident which occurred in the Parish of St. Tammany on September 23, 1954. The original petition alleged that both defendants were residents of and domiciled in the Parish of Tangipahoa; however, the Sheriff’s return stated that they were not known in Pontchatoula where he attempted to serve them and that their residence was unknown. A supplemental and amended petition was., then filed wherein it was set forth that the defendants were residing at Pontchatoula at the time of the accident “but that to the best of plaintiff’s knowledge and belief, the said defendants are nonresidents of the State of Louisiana and as such, service of process should be made on them by service upon the Secretary of State of the State of Louisiana.” Following the filing of this petition service was made upon the Secretary of State. Thereafter, a third petition was filed wherein it was set forth that the defendants “are non-residents of the State of Louisiana, or if in the State of Louisiana, are at a residence not known to plaintiff and by which plaintiff cannot obtain,” praying for the appointment of a curator ad hoc to represent them. An attorney was so appointed and he filed a general, denial.
After the matter was submitted to the trial court judgment was rendered against the plaintiff dismissing his suit from which judgment he has appealed.
The judgment of the Lower Court should be affirmed for any one of several reasons. In the first place, while the record contains the purported testimony of the plaintiff and his minor son, the trial judge in his reasons for judgment informs us as follows:
“I might add that the testimony that appears in this record was not taken in open court and I certainly gave no consent for it to be taken elsewhere; apparently what counsel for plaintiff has done is to take this testimony out of Court and file it in the record — it shows it was filed on December 16th, a day prior to the date set for the trial of this matter.”
An examination of the purported testimony fails to disclose where, when or before whom it was taken. Obviously, therefore, there was nothing before the .trial judge upon which a judgment for the plaintiff could be based.
The trial judge went further and found that services on the Secretary of State were not effective as the record contained no proof that the defendants were *435 in fact non-residents. LSA-R.S. 13:3474, which makes provision for service on the Secretary of State in the case of operation of a motor vehicle on our highways by nonresidents has been held in derogation of common rights and must be strictly construed and strictly followed. See Spearman v. Stover, La.App., 170 So. 259 and cases therein cited. It is axiomatic, therefore, that the defendants must be proved to be non-residents, which proof is lacking here.
Possibly it should be further pointed out that in the case of service on the Secretary of State for non-residents, the latter, under LSA-R.S. 13:3475, are entitled to notice of the service together with a copy of the petition and citation by registered mail or actual delivery, and that before judgment can be rendered, the return receipt or the affidavit of the party delivering the petition and citation in the case of notice through actual delivery, must be filed in the proceedings, none of which was done here.
The judgment appealed from is correct and, therefore, is hereby affirmed.
Judgment affirmed.