HALL, Judge.
Plaintiff filed suit for benefits under the Louisiana Workmen’s Compensation Act against his employer who is a non-resident of this state. Defendant carried no compensation insurance and had no attachable property in this state. In order to obtain service of process plaintiff resorted to the Louisiana Non-Resident Motorist Act (LSA-R.S. 13:3474-5) and caused service to be made through the Secretary of State. The defendant filed an exception to the jurisdiction of the court ratione personae which the trial court maintained and dismissed plaintiff’s suit. Plaintiff appealed.
The sole question presented is whether the facts alleged in the petition are such as would authorize plaintiff’s use of the NonResident Motorist Act to obtain jurisdiction over the defendant by substituted service.
Plaintiff’s petition shows that the accident which resulted in his injuries occurred in the city of New Orleans during his employment as a laborer by the defendant, a resident of Guthrie, Oklahoma, who was at the time temporarily engaged in racing a stable of horses at a local race track. The only allegations of the petition which are pertinent to this appeal are as follows:
“ * * * plaintiff herein, Charles David Antley, using an automobile, which was used for the benefit of Mr. Wilson’s business, to run errands for Mr. Wilson, took the ‘exercise boy’ to his apartment, picked up his belongings, returned him and his belongings to the race track, and then drove him back home, and when he got out and stepped out the car, in the curb, fell in the 2100 block of Esplanade and N. Miro, New Orleans, La., at 7:30 P.M. and while working in the course and scope of his said employment, slipped and broke his right leg, knee, and injured other parts of his body.” (Emphasis supplied).
The Louisiana Non-Resident Motorist Act provides in part as follows:
“The acceptance by non-residents of the rights and privileges conferred by existing laws to operate motor vehicles on the public highways of the state of Louisiana, or the operation by a nonresident or his authorized agent, employee or person for whom he is legally responsible of a motor vehicle within the State of Louisiana, shall be deemed equivalent to an appointment by such *271 non-resident of the secretary of state of Louisiana or his successor in office, to be his true and lawful attorney for service of process * * * upon whom * * * may be served all lawful process in any action or proceeding against the non-resident * * * growing out of any accident or collision in which the non-resident may be involved while operating a motor vehicle in this state, or while same is operated by Ms authorized agent or employee. * * * ” (Emphasis supplied).
The basic rule throughout the United States since Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565, has been that constructive service does not confer personal jurisdiction over a non-resident defendant. The non-resident motorist statutes of the various states which allow constructive service in litigation involving accidents and collisions on the public streets and highways of the forum state present an exception to the basic rule brought about by the advent of the automobile. (For a discussion of their constitutional validity see Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L. Ed. 1091; Olberding v. Illinois Central R. Co., 346 U.S. 338, 74 S.Ct. 83, 98 L.Ed. 39; Pugh v. Oklahoma Farm Bureau Mutual Ins. Co., D.C., 159 F.Supp. 155). Since this type of legislation is an exception to the basic rule and is in derogation of common right it must be strictly construed and applied only to cases which come plainly within its provisions. See Spearman v. Stover, La.App., 170 So. 259; Taylor v. Bush, La.App., 104 So.2d 433; Anglade v. Hemenway Furniture Co., Inc., La.App., 151 So.2d 164.
In this case the petition alleges that plaintiff fell on the curb after he had stepped out of defendant’s automobile. There is no allegation in the petition that the vehicle had any connection with his accident or injury except that it brought him to the scene of the accident. Under these circumstances it is clear that the accident did not occur “while operating a motor vehicle in this State” and was not of such a nature to justify substituted service under the Non-Resident Motorist Act.
For the foregoing reasons the judgment appealed from is affirmed.
Affirmed.