352 So.2d 348 (1977)
HOWARD AVENUE REALTY CORPORATION
v.
H. P. McINTOSH, IV.
No. 8510.
Court of Appeal of Louisiana, Fourth Circuit.
November 10, 1977.
Rehearing Denied December 13, 1977.
Writ Refused February 17, 1978.
*349 Milling, Benson, Woodward, Hillyer & Pierson, F. Frank Fontenot, W. Richard House, Jr., New Orleans, for plaintiff-appellee.
Hammett, Leake, Hammett, Hulse & Nelson, John I. Hulse, IV, New Orleans, for defendant-appellant.
Before LEMMON, GULOTTA and SCHOTT, JJ.
GULOTTA, Judge.
H. P. McIntosh, IV, appeals from the dismissal of his suit to annul a judgment rendered against him and to set aside the seizure and sale of real property in connection with the execution of the judgment.
Under the Long Arm Statute, LSA-R.S. 13:3201 et seq., jurisdiction was obtained over McIntosh, a non-resident defendant, in a suit filed by Howard Avenue Realty Corporation (HARC) on May 21, 1968, for unpaid rent. As required in LSA-R.S. 13:3204, a copy of the petition was sent to the non-resident defendant by certified mail. Service of process, through this method, was made on May 22, 1968. The return receipt was signed on May 31, 1968. In a June 10, 1968 letter from the attorney for McIntosh, request was made by the defendant for extension of time in which to file responsive pleadings. Subsequently, McIntosh's original attorney withdrew from the matter and other attorneys were sought to be employed. Thereafter, on May 1, 1969, the attorney for HARC took steps to obtain a default judgment pursuant to LSA-R.S. 13:3205 which provides:
§ 3205. Default judgment; proof of service of process
"No default judgment can be rendered against the defendant until thirty days after the filing in the record of the affidavit of the individual who either:
(a) mailed the process to the defendant, showing that it was enclosed in an envelope properly addressed to the defendant, with sufficient postage affixed, and the date it was deposited in the United States mails, to which shall be attached the return receipt of the defendant; or
(b) actually delivered the process to the defendant, showing the date, place, and manner of delivery."
In an affidavit executed on April 30, 1969 and filed on May 1, 1969, the attorney stated that he had, on May 22,1968, sent a copy of the petition to McIntosh by registered mail; that the letter had been received by McIntosh on May 31, 1968, through his agent; and, that the affiant had been contacted by the attorney purportedly representing McIntosh who subsequently withdrew. The affidavit further recited that it was being made for the purpose of compliance with LSA-R.S. 13:3205. However, the return receipt was not attached to the affidavit.
Thereafter, on June 6, 1969, a second affidavit was filed, virtually repeating the May 1 affidavit and further reciting that the return receipt was attached to and made a part of it. As per this recitation, the return receipt was in fact attached. A preliminary default was entered on June 6, 1969, and confirmed on July 10, 1969.
In connection with the subsequent seizure of real property belonging to McIntosh and located in this state, the court appointed a curator ad hoc to represent the absent defendant. Service of process was effected on the curator on October 8, 1969. McIntosh's property was sold on January 7,1970, to a third party, in execution of the judgment. The petition to annul the original judgment and sale, filed on July 8, 1970, was dismissed by the trial judge. It is from that judgment of dismissal that McIntosh appeals.
It is the non-resident's contention, on appeal, that the Long Arm Statute is in derogation of common rights and accordingly *350 must be strictly construed.[1] According to McIntosh, a default judgment cannot be rendered against a non-resident defendant, under the Long Arm Statute, until the expiration of 30 days after the filing in the record of the affidavit, together with the attached return receipt. LSA-R.S. 13:3205. McIntosh points out that the supplemental affidavit and the attached return receipt were filed on June 6, 1969. Because the affidavit filed May 1,1969, was defective in that the return receipt was not attached, a preliminary default entered on June 6,1969 and confirmed on July 10, 1969, he argues, does not meet the 30-day requirement between the filing of the proper affidavit (filed on June 6,1969) and the taking of the preliminary default.[2]
McIntosh further contends that LSA-R.S. 13:3205 further requires that the return receipt "of the defendant" be attached to the affidavit showing that the petition was mailed to the "defendant". He argues that the return receipt attached in the instant case indicates that the letter and the accompanying petition were received by defendant's ranch employee who was neither a member of his household nor a designated agent for service of process. Under these circumstances, McIntosh complains that the affidavit does not show proof of proper service and does not comply with the statute. We do not agree.
We do not quarrel with the settled jurisprudence that the Long Arm Statute is in derogation of a common right and must be fully and strictly complied with in order to satisfy the requirements of due process. However, the cases cited by defendant, though authority for this rule, involve factual situations where no proof existed in the record that the non-resident defendant was ever served in accordance with the statute.[3] Unlike the cited cases, in the instant case, service of process by certified mail was made. Although the original affidavit attesting to the certified mailing and receipt of the petition may not be technically correct (because of the failure to attach the receipt), no prejudice to the non-resident McIntosh has been shown. Our case is not one where no affidavit has been filed or no return receipt of the delivery of the petition and citation to defendant exists. Service of process by certified mail was made upon the defendant more than one year before a preliminary default was taken. In fact, one year, to the day, elapsed between the time that McIntosh, through his New Orleans attorney, made a request for an extension of time in which to file responsive pleadings and HARC confirmed the default judgment. Plaintiff's only error was in attaching the return receipt to the second affidavit (filed on June 6, 1969) instead of the first affidavit (filed on May 1, 1969). Under these circumstances, the failure to strictly comply with the provisions of the statute has not prejudiced the non-resident's rights.[4]
*351 In Pertuit v. LeBlanc, 216 So.2d 863 (La. App. 2d Cir. 1968), cited by the trial judge, a sheriff's return failed to include the name of the person to whom the citation was handed and a 1-day discrepancy existed between the date the petition was actually served and the date of service indicated on the return. Though this case did not involve the Long Arm Statute, language in the cited case is particularly appropriate to the situation before us:
"Koster's [defendant's] rights were not affected by the discrepancy in the date of service. He neither took action, nor refrained from taking action because of the failure of the return to give the name of the person to whom the citation was handed. His rights were not prejudiced by the defect in the return. To strike down a judgment on such narrow technical grounds because of previous expressions in cases would be to ignore the obvious intent of the legislature."
Finally, we find no merit to defendant's contention that the return receipt does not show proof of service and does not comply with the statutory provision requiring that the "return receipt of the defendant" (underline ours) be attached to the affidavit. Though it is true that McIntosh did not personally sign the receipt, the record indicates that Earl Stewart, an employee at McIntosh's ranch, had been designated to pick up the mail at the distant post office. The evidence indicates that Stewart was employed full-time as a member of McIntosh's household staff and business. Under these circumstances, his receipt of the petition and citation constitutes valid service. We do not interpret the language "return receipt of the defendant" found in LSA-R.S. 13:3205 to require personal service on the defendant. In Thomas Organ Company v. Universal Music Company, 261 So.2d 323 (La.App. 1st Cir. 1972), a case in which the certified copy of the citation and petition under the Long Arm Statute was received by a member of defendant's family at his out-of-state domicile, the court stated:
"* * * Under the clear wording of the above-quoted statute [LSA-R.S. 13:3204], all that is necessary to constitute service upon a non-resident under the `Long Arm' statute is that counsel for plaintiff send a certified copy of the citation and of the petition in the suit to defendant by registered or certified mail (or actually deliver it in person). There is no provision against domiciliary service and no requirement for a signed return receipt. It has been held in both the International Shoe Company and McGee cases cited supra, that the sending by mail of a certified copy of citation and petition satisfies the requirements of `due process'. To allow a defendant to defeat service of process by refusing to accept a registered letter or to allow a member of his family to receive it for him ineffectually would make a mockery of R.S. 13:3204 and render it completely ineffective. * * *"
The language in the Thomas Organ case is particularly appropriate when considering our case.
Accordingly, we conclude the requirements of the Long Arm Statute have been met.
The judgment is affirmed.
AFFIRMED.
NOTES
[1] McIntosh cites, in this connection, Spearman v. Stover, 170 So. 259 (La.App. 2d Cir. 1936); Taylor v. Bush, 104 So.2d 433 (La.App. 1st Cir. 1958); Antley v. Wilson, 156 So.2d 269 (La. App. 4th Cir. 1963), writ refused, 245 La. 84, 157 So.2d 231 (1963); Lafayette Insurance Company v. Weiss, 297 So.2d 681 (La.App. 4th Cir. 1974).
[2] In Comment (c) to LSA-R.S. 13:3205, a "default judgment", as used in this section, is intended to have the same precise meaning attributed to it by Article 1701 of the Louisiana Code of Civil Procedure, and in the professional vernacular to mean "preliminary default" rather than "confirmation of default".
[3] In Lafayette Insurance Company v. Weiss, 297 So.2d 681 (La.App. 4th Cir. 1974), the petition and citation mailed to the non-resident defendant were returned "Moved, not deliverable". In Taylor v. Bush, 104 So.2d 433 (La. App. 1st Cir. 1958), no return receipt was filed in the proceedings. The record in Spearman v. Stover, 170 So. 259 (La.App. 2d Cir. 1936) also did not contain a return receipt of the defendant. Antley v. Wilson, 156 So.2d 269 (La.App. 4th Cir. 1963) and Day v. Bush, 18 La.App. 682, 139 So. 42 (La.App. 2d Cir. 1932), also cited by defendant, held that the non-resident motorist statute was inapplicable to the facts of those cases.
[4] LSA-C.C.P. art. 1292, although not dealing with the Long Arm Statute, states that a court may allow any process or proof of service to be amended where it appears that no "material prejudice" would result to a party's substantive rights.