SAMUEL, Judge.
Plaintiff, Rollins, Inc., d/b/a Rollins Protective Service Company, proceeded by summary process pursuant to R.S. 9:3263 and R.S. 9:3262 to cause defendant, Del-phine Brignac Farris, to surrender various items of movable property which it had leased to her. Defendant filed various exceptions including the declinatory exceptions of insufficiency of citation and service of process.
The trial court allowed defendant’s attorney to introduce the testimony of the deputy whose name appeared on the return and then overruled the various exceptions, including the exceptions of insufficiency of citation and service, and rendered judgment ordering defendant to return the leased merchandise. Defendant has appealed from that judgment.
The only evidence introduced by either side regarding service was the testimony of the deputy constable mentioned above. His return, made over his signature, shows he made personal service on defendant on February 27, 1980. However, when testifying under oath, he stated unequivocally he did not make the service. He explained he and another deputy constable worked the area in which defendant lived, and the return had been given to him by the other deputy to bring into the office of the constable of the First City Court for the City of New Orleans. He stated he signed the return himself even though he had not made the service because he thought the other deputy had made the service, and the other deputy had some illness and personal problems which prevented him from bringing the documents to the office himself.
Relying on Article 1292 of the Louisiana Code of Civil Procedure, which provides:
“The sheriff shall endorse on a copy of the citation or other process the date, place, and method of service and sufficient other data to show service in compliance with law. He shall sign and return the copy promptly after the .service to the clerk of court who issued it. The return, when received by the clerk, shall form part of the record, and shall be considered prima facie correct. The *724 court, at any time and upon such terms as are just, may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued.” LSA-C.C.P. Art. 1292.
plaintiff attempts to find solace in the last sentence of the article which allows the court to amend proof of service in the absence of material prejudice to the party allegedly served. Plaintiff argues, in effect, that the court has the right to amend the return to show the name of the deputy who made the service.
The record shows, however, the court neither made nor attempted to make such an amendment. It simply overruled defendant’s exception without explanation. More important, proof of service could not be amended. There is no evidence in the record showing the defendant actually was served. The deputy who allegedly made the service did not appear at the hearing and the deputy who signed the return did not know whether the service had been made.
The record being devoid of any evidence that defendant was served, neither the trial court nor this court may allow proof of service to be amended. Citation and service of process are the cornerstone of legal proceedings, without which the court does not have jurisdiction over the person of a defendant.[1] It is only when service has in fact made that administrative errors in making the return may be amended, and then only in the absence of material prejudice, as stated in the above quoted Article 1292.
Pertuit v. LeBlanc,[2] relied on by plaintiff, does not support its position. In that case defendant clearly had been served and the only error was that the return was dated prior to the date suit had been filed. Amendment of the return under those circumstances is allowed because it merely cures an administrative error which does not cause material prejudice.[3]
Accordingly, as the grounds for the objection pleaded in this declinatory exception of insufficiency of service of process “may be removed by .... other action of plaintiff”, we annul, set aside and remand.[4]
For the reasons assigned, the judgment appealed from is annulled and set aside, and the matter is remanded to the trial court for further proceedings consistent with the views herein expressed. Costs of this appeal are to be paid by plaintiff; all other costs are to await a final determination.

ANNULLED, SET ASIDE AND REMANDED.

. LSA-C.C.P. Art. 6.

. La.App., 216 So.2d 863.

. See also Howard Ave. Realty Corp. v. McIntosh, La.App., 352 So.2d 348.

.LSA-C.C.P. Art. 932 provides, in pertinent part: “When the grounds of the objections pleaded in the declinatory exception may be removed by amendment of the petition or other action of plaintiff, the judgment sustaining the exception shall order the plaintiff to remove them within the delay allowed by the court.”