PLOTKIN, Judge,
dissents with written reasons:
Because I believe that both the majority and the trial court misapplied Louisiana’s Long-Arm Statute, I respectfully dissent.
Mitchel R. Dukov, plaintiff in the instant suit, asserts that a default judgment taken against him by the defendant 701 Corporation is null because the requirements for service of process and entrance of a default *382 judgment against nonresident defendants under Louisiana’s Long-Arm Statute, LSA-R.S. 13:3201 et seq., have not been met.
Dukov makes two basic arguments, both of which are accepted by the majority. First, he claims that the requirements for service of process under LSA-R.S. 13:3204 were not fulfilled because the service was delivered to his business address, rather than to his home, to a receptionist at the office. Second, he claims that the requirements for entrance of a default judgment under LSA-R.S. 13:3205 were not fulfilled because a “return receipt of the defendant” was not attached to the affidavit accompanying the motion for default judgment. In my view, neither argument has merit.

Service of process

LSA-R.S. 13:3204(A), relative to service of process under the Long-Arm Statute, provides as follows:
A certified copy of the citation and of the petition in a suit under R.S. 13:8201 shall be sent by counsel for the plaintiff to the defendant by registered or certified mail, or actually delivered to the defendant by an | ¡¿individual designated by the court in which the suit is filed, or by one authorized by the law of the place where the service is made to serve the process of any of its courts of general jurisdiction.
The instant case involves a service of process in which the express requirements of the above statute unquestionably were all met — a certified copy of the citation and petition were sent to the defendant by registered or certified mail, to the address that the defendant himself gave as his address on the escrow agreement which he previously signed to prevent prosecution on the issue raised by the suit. The statute does not require that the service be sent to the defendant at his home address, as the majority implies.
Nevertheless, the defendant claims by affidavit that the service of process was improper because he did not personally receive service; rather, service was received by a receptionist in his office. In support of this position, he cites the Louisiana Supreme Court’s decision in Administrators of Tulane Educational Fund v. Ortego, 475 So.2d 764 (La.1985), which states that notice “must be received by defendant or by a person authorized to receive mail on his behalf.” Id. at 764. The defendant claims that the receptionist who received service of process was not authorized to receive his mail, just as the librarian who received the service in Ortego was not authorized to receive the defendant’s mail. He claims, and the majority holds, that the default judgment issued against him should be nullified because the service was received by an unauthorized person, just as in the Ortego case.
I disagree. I believe that the instant case is distinguishable from the Ortego case, where the service of process was received at the defendant’s place of employment by a fellow employee who sorted the mail. Further, the suit in Ortego sought payment of a personal debt which was completely unrelated to the defendant’s business. In the instant ease, the service was received by the |3defendant’s receptionist, at his place of business, which was the address he gave to the plaintiffs when the escrow agreement was signed. In my view, a receptionist who works for a defendant should be considered as a matter of law as an authorized person to receive service of process for the defendant. The defendant’s statement that he never authorized Huszai to receive his mail should not be allowed to overcome this fact. Moreover, although the plaintiff in the instant ease seeks to hold the defendant personally liable, the debt which is the subject of the suit is not unrelated to the defendant’s business, as in Ortego.
Unlike the majority, I believe that the instant case is more analogous to Howard Avenue Realty Corp. v. McIntosh, 352 So.2d 348 (La.App. 4th Cir.1977), writ denied, 354 So.2d 1376 (La.1978), than to Ortego. In McIntosh, the service was received by McIntosh’s full-time employee who had been designated to pick up mail. The receptionist who worked for Dukov in the instant ease is more similar to the full-time employee working for McIntosh than the co-employee who worked with Ortego. That fact is the distinguishing feature between the two cases.

Return receipt

DukoVs second argument is that, even if the service of process was correct, the de *383 fault judgment was nevertheless improperly taken because the defendants failed to meet the requirements of LSA-R.S. 13:3205, which states as follows:
No default judgment can be rendered against the defendant until thirty days after the filing in the record of the affidavit of the individual who either:
(a) mailed the process to the defendant, showing that it was enclosed in an envelope properly addressed to the defendant, with sufficient postage affixed, and the date it was deposited in the United States mails, to which shall be attached the return receipt of the defendant; or
(b) actually delivered the process to the defendant, showing the date, place, and manner of delivery.
U(Emphasis added.)
Dukov claims, and the majority holds, that the default judgment was improperly entered because “the receipt was signed by one J. Huszai, not by Dukov.”
Again, reference to the McIntosh case shows the error in this holding. In McIntosh, the court correctly held that LSA-R.S. 13:3205’s requirement that a return receipt of the defendant be attached to the affidavit does not “require personal service on the defendant.” McIntosh, 352 So.2d at 351 (emphasis in original). I believe that the McIntosh case can only be interpreted to mean that a return receipt signed by any person authorized to receive the defendant’s mail is sufficient to meet the requirements of LSA-R.S. 13:3205.
Of course, the language “person authorized to receive mail on [the defendant’s] behalf’ is not found in the McIntosh case, but in the Ortego case. However, it seems an appropriate description of the employee working for the defendant in the both the McIntosh case and the instant case. Considering the two cases together, the following rules emerge which apply to the instant: (1) The requirements for service of process under Louisiana’s Long-Arm Statute are met if the notice is received by the defendant or a person authorized to receive mail on behalf of the defendant. (2) The requirement that the “return receipt of the defendant” be attached to the affidavit as a prerequisite to the proper entrance of a default judgment against a non-resident defendant is fulfilled if the return receipt is signed by the defendant or a person authorized to receive mail on the defendant’s behalf.
The Ortego decision, relied upon by the majority, is simply a two-paragraph per cu-riam decision which includes almost no analysis. The only legal principle the Ortego case can logically be considered to stand for is that receipt of service by a co-employee who works with a defendant at his place of business on a 15personaI debt having nothing to do with that business is insufficient to meet the requirements of LSA-R.S. 13:3205. The case is summarized in the statement “[I]f mailed, the notice must be received by defendant or by a person authorized to receive mail on his behalf.” Ortego, 475 So.2d at 764. The Ortego case does not even address the requirements of LSA-R.S. 13:3205, which the majority uses as its primary reason for reversing the judgment in the instant ease. Ortego, though decided subsequent to McIntosh by a higher court, certainly cannot be considered to have overruled McIntosh. McIntosh is binding precedent since it was decided by this court. Thus, the two cases should be read together, which leads one to the rules stated above.
Accordingly, I would find that the trial court improperly granted the petition for nullity and would reinstate the default judgment.