JjPEATROSS, J.
In this summary judgment case, Plaintiff, Melinda Williams, asserts for the first time on appeal that the trial court erred in granting summary judgment in favor of Defendant, Doctors’ Hospital of Shreveport, Inc. (“Doctors” ’), because of insufficient service of process. For the reasons set forth herein, we dismiss the appeal.

FACTS

The facts of this case are straightforward. James Williams, the father of Melinda Williams, entered Doctors’ in August 2000 for cataract surgery. Mr. Williams’ medical condition deteriorated, and he eventually died during the pendency of his malpractice claim. A medical review panel found that, when Mr. Williams was admitted for cataract surgery, he had life-threatening metabolic abnormalities, treatment was promptly initiated, consultation was promptly received as complications arose and the standard of care was not breached by any of the defendants.
On April 15, 2004, Ms. Williams, both individually and as the succession representative of the Estate of James Williams, filed suit against Doctors’. Underneath her signature on the petition, she gave her address as a post office box in Carrollton, Texas. When counsel for Doctors’ filed an answer generally denying the allegations of the petition, counsel attached a certificate indicating that a copy of the answer had been mailed to Ms. Williams at her post office box in Carrollton, Texas.
On May 24, 2004, Doctors’ filed a motion for summary judgment, relying on the medical review panel opinion, noting that interrogatories propounded to Ms. Williams had not been answered and asserting that |2Ms. Williams could find no medical expert witness to contradict or challenge the opinion of the medical review panel. Counsel for Doctors’ made a written request for the Clerk of the First Judicial District Court to have the trial court sign an order setting a hearing on the motion for summary judgment and for the clerk to send notice to Ms. Williams at the Carrollton, Texas, post office box. The clerk of court complied as shown by a United States Postal Service Certified Mail receipt showing that the pleadings were mailed to Ms. Williams at her Car-rollton, Texas, address; the postal “green card” also showed that the certified mail was delivered to the post office box and indicating that the receipt was signed for by “Ida Schlesinger” on June 1, 2004.
The motion for summary judgment was set for hearing on July 26, 2004. The minutes of court reflect that, on that date, counsel for Doctors’ was present, but that Ms. Williams was neither present, nor represented by counsel. The summary judgment motion was taken up and granted by the court. The signed judgment specifically recognized that a copy of the motion for summary judgment had been received by Ms. Williams by certified mail, return receipt requested, on June 1, 2004. On July 27, 2004, notice of judgment was mailed to Ms. Williams at her post office box in Carrollton, Texas, and Ms. Williams filed a devolutive appeal, through counsel, on August 30, 2004.

DISCUSSION

As previously noted, Ms. Williams raises, for the first time on appeal, the adequacy of the service of the motion for summary judgment. She |3argues that the record contains no proof that she was notified of the summary judgment hearing and points out that the postal “green card” was signed by “Ida Schlesinger,” not by Ms. Williams. She also states in a footnote to her appellate brief:
Melinda Williams is away from home for extended times and receives her mail at *1189 a mail drop, like Mailboxes, etc. It is believed that Ira (sic) Schlesinger is a clerk at Mailboxes, etc. Because of the alleged lack of notice, Williams argues that her constitutional rights were violated, and that the summary judgment is a nullity that should be reversed.
In Decca Leasing Corp. v. Torres, 465 So.2d 910 (La.App. 2d Cir.1985), writ denied, 468 So.2d 1211 (La.1985), we held that the question of sufficiency of service on a non-resident defendant may not be raised for the first time on appeal; the issue should be raised in a suit to annul the judgment. In Decca, a copy of the petition and citation was sent to the defendant by certified mail pursuant to the Louisiana Long Arm Statute (La. R.S. 18:3201, et seq.), but was returned as “unclaimed.” A default judgment subsequently was taken, after which the defendant appealed, arguing, in part, that the trial court had no authority to enter a default judgment against him because there was no compliance with the requirements for proof of service under the Long Arm Statute. The defendant acknowledged the jurisprudence holding that insufficiency of service of process may not be raised for the first time on appeal, but argued that the issues were properly before the court because the defendant had no knowledge of the suit until the notice of judgment. Thus, he argued that his failure to raise the issues in the lower court was excusable and the insufficiency of the service of process and proof was so apparent on the face of the record that no additional |4evidence was required. In rejecting defendant’s request that we consider the merits of his assignments of error, we noted that a defendant cannot be allowed to defeat valid service by merely refusing to accept a certified letter containing a citation, and that, under La. R.S. 13:3205, it appears that a defendant does not have to personally sign the return receipt, nor is personal service upon the defendant required. See Howard Ave. Realty Corp. v. McIntosh, 352 So.2d 348 (La.App. 4th Cir.1977), unit denied, 354 So.2d 1376 (La.1978). Under these circumstances, we noted that the record was insufficient to determine whether or not the defendant had refused to accept service, and we observed that the practical effect behind requiring a defendant to bring an action in nullity is to permit the introduction of additional evidence as to the mode and execution of service of process. Accordingly, we dismissed the appeal.
Although we are not dealing with a question of service under the Louisiana Long Arm Statute in the case sub judice, we reaffirm our holding in Decca, supra, to the effect that the question of sufficiency of service on a non-resident may not be raised for the first time on appeal, but the issue should be raised instead in a suit to annul the judgment. See also Hughes v. Sanders, 36,968 (La.App. 2d Cir.5/14/03), 847 So.2d 165. Just as a defendant does not have to personally sign the return receipt on certified mail for purposes of service under the Long Arm Statute, Ms. Williams did not have to personally sign the receipt in the instant case. Furthermore, we are unwilling to consider the factual allegations in the footnote to Ms. Williams’ appellate brief, noted above, either in support of or in |sopposition to her arguments on appeal. These alleged facts simply are not properly before the court.

CONCLUSION

For the reasons set forth above, this appeal is hereby dismissed at Plaintiff/Appellant’s, Melinda Williams, cost.
APPEAL DISMISSED.