DREW, J.
11 Eleanor A. Smith filed suit against Richard Long, asserting that a tree on Long’s property fell onto a fence on Smith’s property and that Long had refused to repair the damages. Smith sought recovery of all costs involved in replacing the fence. Long then filed an answer asserting that the fence belonged to Long, not Smith. On the day of trial, June 15, 2006, Long was not present. The trial court noted that notice of trial had been mailed to Long by certified mail to the address that he gave in his answer, but was returned unclaimed. Smith then put on,.her evidence, including her testimony as well as several exhibits, and the trial court awarded Smith $2,008.70 plus interest and costs. This appeal followed.
Long has filed a one-page letter which this court has accepted as his appellate brief. The letter states that he is appealing for the following reasons (verbatim):
1. I didn’t receive written document to appear in court.
2. The said property (fence) was owned by Richard Long and both parties share the fence together.
3. The tree is on the edge of the property line and covers both properties.
4. The storm blew the tree down.
We affirm in all respects.
With respect to Long’s assertion that he did not receive notice of trial, we observe, as previously noted, that the trial court indicated notice of trial was mailed *315 by certified mail to Long at the address he gave in his answer, but was returned unclaimed. In an analogous situation in Decca Leasing Corp. v. Torres, 465 So.2d 910 (La.App. 2d Cir.1985), writ denied, 468 So.2d 1211 (La.1985), a copy of a petition and citation was sent to the defendant by certified mail pursuant to the Louisiana Long Arm Statute, but was returned as “unclaimed.” After rendition of a default judgment, the defendant appealed, arguing that he had no knowledge of the suit until the notice of judgment and that the trial court had no authority to enter a default judgment against him because of failure to comply with the requirements for proof of service under the Long Arm Statute. This court held that the question of sufficiency of service could not be raised for the first time on appeal; instead, we held the issue should be raised in a suit to annul the judgment. We also noted that a defendant cannot be allowed to defeat valid service by merely refusing to accept a certified letter containing a citation, and we observed that the practical effect behind requiring a defendant to bring an action in nullity is to permit the introduction of additional evidence as to the mode and execution of service of process. Accordingly, we dismissed the appeal.
See also Williams v. Doctors’ Hospital of Shreveport, Inc., 39,609 (La.App.2d Cir.5/11/05), 902 So.2d 1187, in which this court held that the sufficiency of service of a motion for summary judgment on a nonresident may not be raised for the first time on appeal, but must be raised in a suit to annul the judgment.
As in Decca, supra, and Williams, supra, we now hold that the question of sufficiency of notice of trial herein may not be raised for the first time in this appeal, but would have to be raised in a suit to annul the judgment. We observe that while adequate notice of trial is a minimum | .^requirement for reasons of due process,[1] a defendant cannot be allowed to avoid having a judgment rendered against him by simply refusing to accept a certified letter containing notice of the trial date. Long will have the opportunity through an action in nullity to introduce whatever evidence he might have to attempt to prove that a certified letter containing notice of trial was not sent to his address as indicated by the court.
With respect to Long’s assertions that both parties shared the fence, and that the tree was on the edge of the property line covering both properties, we hold that it is too late for Long to now attempt to introduce evidence contrary to that presented at trial. Smith produced evidence that the tree was on Long’s property and that she owned the fence. The trial court accepted her evidence and these questions are now foreclosed.
Finally, Long’s assertion that the storm blew the tree down essentially is an argument against causation. We note that Smith’s testimony established that the tree was dead and that Smith had warned Long that the tree was “in diré need of being removed.” We hold that this unrefuted evidence was sufficient to allow the trial court to find that the proximate cause of the tree falling was Long’s failure to cut it despite Long’s knowledge of the tree’s state of decay; force majeure was not a factor.
CONCLUSION
For the reasons set forth above, the trial court’s judgment is hereby AFFIRMED at appellant’s costs.

. See Official Revision Comment to La. C.C.P. art. 1571.