MOORE, J.
liOne of the plaintiffs, Cheryl Goers, appeals a judgment that sustained an exception of no right of action and dismissed another plaintiff, her sister, from the suit as both a plaintiff and a defendant. We affirm.
In May 2011, 89-year old Evelyn Goers (“Evelyn”) was visiting her daughter, Lau-reen Mayfield, in Simsboro.[1] Ms. Mayfield owned four large Tibetan Mastiffs. Evelyn opened the back door of the house and was viciously attacked by the dogs. In May 2012, she filed this suit against Ms. Mayfield and her homeowners insurer, State Farm, alleging negligence and strict liability. State Farm and Ms. Mayfield filed a general denial and requested a jury trial.
In February 2015, Evelyn passed away. Her other daughter, Cheryl Goers, filed an amended petition substituting herself as *2 plaintiff in lieu of her deceased mother. • A month later, Ms. Mayfield filed a motion to have herself substituted as plaintiff. The court allowed both substitutions.
State Farm filed the instant exception of no right of action alleging that as Ms. Mayfield was now both a plaintiff and a defendant, confusion occurred and extinguished the obligation between them. La. C.C. art. 1903.
Ms. Goers filed a response agreeing with' State Farm’s position and “respectfully requesting] that the exception be sustained without hearing.” She did not, however, submit a proposed judgment. Instead, State Farm’s counsel submitted an order granting the exception, reciting, “Laureen Mayfield is therefore dismissed from this suit with prejudice, both in her capacity as plaintiff and defendant.” Ms. Goers raised no objections, and lathe district court signed this order.
On June 19, 2015, Ms. Goers filed in this court a devolutive appeal and a writ application, both contesting the validity of the order sustaining the exception.[2] Four days later, she filed in the district court a motion to annul the order sustaining the exception. The district court fixed a rule on the latter motion, but the record does not show that any further action has been taken.
Ms. Goers designates one assignment of error: “To the extent the order deprives Cheryl Goers of her right to maintain the suit against Laureen Mayfield, it is erroneous, was obtained through fraud and/or ill practices and should be reversed.” She contends that the exception did not address her own right of action against Ms. Mayfield and cannot be construed to extinguish her claim against her sister. She concedes that when a person is placed in the position of owing money to herself, the obligation is extinguished by confusion, La. C.C. art. 1903, but contends that confusion cannot extinguish her (Ms. Goers’s) right to pursue Ms. Mayfield. She also contends that the exception of no right of action decides only whether the plaintiff belongs to the class of persons entitled to bring suit, Hood v. Cotter, 2008-0215 (La.12/02/08), 5 So.3d 819, and cannot possibly result in a judgment dismissing someone as a defendant. She concludes that the order of the trial court, “to the extent that it dismissed Cheryl Goers’s claims against Laureen Mayfield,” must be reversed and that her claims against her | asister be reinstated.[3]
State Farm responds that Ms. Goers failed to object to the order she is now contesting, and failure to object contemporaneously waives any issue on appeal, Smith v. Long, 41,850 (La.App. 2 Cir. 12/27/06), 946 So.2d 313. On the merits, it contends that this is a prime example of the application of Art. 1903. With the passing of their mother, Ms. Goers and Ms. Mayfield were substituted as party plaintiffs; as a result, Ms. Mayfield was both a plaintiff and a defendant, both an obligee and an obligor, and the obligation is extinguished. State Farm concedes, however, that because of the Direct Action Statute, La. R.S. 22:1269 B, Ms. Goers still has a claim against State Farm, Soileau v. Smith True Value & Rental, 2012-1711 (La.6/28/13), 144 So.3d 771. State Farm submits that Ms. Goers’s claim did not fail by virtue of Ms. Mayfield’s dismissal from the suit, only that Ms. Goers cannot proceed against her sister if damages exceed *3 the policy limits. State Farm concludes the judgment should be affirmed. ■
An appeal cannot be taken by a party who confessed judgment in the proceedings or who “voluntarily and unconditionally acquiesced in a judgment rendered against him:” La. C.C.P. art. 2085; Trahan v. Coca Cola Bottling Co. United Ltd., 2004-0100 (La.3/2/05), 894 So.2d 1096; Century Ready Mix Corp. v. Boyte, 42,634 (La.App. 2 Cir. 10/24/07), 968 So.2d 893. State Farm filed a peremptory exception alleging that because of confusion, “Lorene Mayfield should be dismissed with prejudice from' this suit both in her capacity as plaintiff and' defendant[.]”. Ms. Goers | responded that she agreed with the exception, “any survival action inherited by Laureen Mayfield is extinguished by confusion,” and the exception should be sustained without hearing. The district court signed an order, “with no opposition being made by plaintiffs, Laureen Mayfield or Cheryl Goers,” dismissing Ms. Mayfield both in her capacity as a plaintiff and a defendant. These facts show that Ms. Goers voluntarily and unconditionally acquiesced in the judgment. Under Art. 2085, there is no basis for the instant appeal.
Ms. Goers correctly shows that the exception of no right of action is a peremptory exception intended to test whether the plaintiff has a real and actual interest in the action. La. C.C.P. art. 927 A(5); Hood v. Cotter, supra. Properly applied, the exception of no right of action concerns the plaintiff and does not address whether the law provides a remedy against a particular defendant. Badeaux v. Southwest Computer Bur. Inc., 2005-0612 (La.3/17/06), 929 So.2d 1211; Penton v. Castellano, 48,-433 (La.App. 2 Cir. 10/23/13), 127 So.3d 944, writs denied, 2013-2687, -2725 (La.2/7/14), 131 So.3d 867, 869. Nonetheless, the caption of a pleading does not control; the- court is obligated to look to the substance of the pleading. La. C.C.P. art. 865; Metro Riverboat Assocs. Inc. v. Louisiana Gaming Control Bd., 2001-0185 (La.10/16/01), 797 So.2d 656; Scranton v. Ashley Ann Energy LLC, 46,984 (La.App. 2 Cir. 4/11/12), 91 So.2d 1174, writ denied, 2012-1345 (La.9/28/12), 98 So.3d 846. Even though State Farm’s pleading was labeled an exception of no right of action, it raised the legal theory of confusion, contended that the obligation was extinguished, and | ^prayed for judgment dismissing Ms. Mayfield as plaintiff and defendant. In short, the substance of the pleading was an exception of no cause of action. Although the caption of the exception could have been more precise, its substance was perfectly clear. The district, court did not err in treating it as an exception of no cause of action.
Even if Ms. Goers had not acquiesced in the judgment and even if the court were constrained by the caption of State Farm’s exception, we would detect no error in the district court’s finding of confusion. Under Art. 1803, when the qualities of obligee (creditor) and obligor (debtor) are'united in the same person, the obligation is extinguished by confusion. This concept applies “in survival and wrongful death actions in which persons who are entitled to recover in tort are also tortfeasors.” Doughty v. Insured Lloyds Ins. Co., 576 So.2d 461, fn. 5 (La.1991), citing Lewis v. Till, 395 So.2d 737 (La.1981), and Dumas v. U.S. Fidelity & Guar. Co., 241 La. 1096, 134 So.2d 45 (1961). The application of Art. 1803 results in no prejudice because, even if Ms. Goers could pursue an excess judgment against Ms. Mayfield, Ms. May-field’s patrimony would be already diminished to that extent because of her debt to her mother, Evelyn, Finally, .there is merit to State Farm’s concession that owing to the Direct Action Statute, Ms. Goers’s claim against the homeowners insurer re *4 mains valid. Soileau v. Smith True Value & Rental, supra.
Ms. Goers’s assignment of error lacks merit. The judgment is affirmed at her cost.
AFFIRMED.

. Her name is misspelled "Lorene” in the original petition.

. This court denied the writ application without prejudice on July 16, 2015, noting the pending appeal.

. In brief, she also asserts that the judgment was obtained by fraud or ill practices, but at oral argument counsel expressly abandoned this argument.