HOOD, Judge.
This is an expropriation suit instituted by Tenneco Inc. to obtain a right of way for a pipeline across a tract of land in Jefferson Davis Parish. The defendants are Valentine A. Earhart, Jr., Frederick A. Earhart and Mrs. Claire Richards Earhart, all of whom collectively own an undivided one-seventh interest in and to the subject property.
The suit was filed on July 25, 1968. Attached to plaintiff’s petition at the time it was filed was an order of the district court fixing the case for trial on August 20, 1968, at Jennings, Louisiana. On July 29, 1968, each of the three defendants was served with citation, and with a copy of the petition and a copy of the above mentioned order fixing the time of the trial. All of the defendants filed an answer and several exceptions on August 16, 1968, which was 18 days after service of process had been made. The exceptions filed at that time consisted of: An exception of lack of citation; an exception of improper venue; and an exception of forum non conveniens.
The case came up for trial on August 20, 1968, as previously ordered by the court. Counsel for defendants notified the court prior to the trial, however, that neither he nor any of the defendants would attend the trial, and none of them was present when the case was called. No reason was assigned for their decision to not appear, and no attempt was made to present evidence in behalf of defendants at the trial. The court permitted plaintiff to proceed with the trial, and thereafter judgment was rendered by the trial court in favor of plaintiff, granting it the right of way which it demanded, condemning plaintiff to pay to defendants the sum of $69.00 as the value of the right of way which was taken and the timber located on it, and reserving to defendants the right to prove additional damages as a result of the taking. Defendants have appealed.
The trial judge ruled during the course of the trial that the failure of defendants to file their answer timely constituted a waiver by them of all defenses to the suit except claims for money as compensation for the property sought to be expropriated and claims for money as damages to other property. This ruling was made despite the fact that defendants were not present at the trial and they made no attempt to offer evidence in support of any defense or claim which had been set out in their pleadings.
The principal issue raised by defendants on this appeal relates to the sufficiency of the citations which were issued and served on them prior to the trial. They contend that the citations were defective for several reasons, that all of the proceedings in the instant suit thus are null and void, and that the judgment appealed from is an absolute nullity. They demand primarily that the judgment of the trial court be reversed and that the suit be dismissed. Alternatively, they demand that the case be remanded to the trial court with instructions that the defenses raised in the exceptions and answer have not been waived and must be passed upon before a judgment is rendered.
Applicable here are the provisions of LSA-R.S. 19:5, relating to the type of notice or citation which is required in an expropriation suit of this type. This section of the Revised Statutes provides:
“On the institution of a suit for expropriation, the trial court shall issue an order fixing the time of the trial of the suit. The clerk of court shall thereupon certify a copy of the plaintiff’s petition and of the order and issue a notice to the defendant of the time fixed for the trial.
*111 “The notice issued by the clerk of court, together with the certified copy of the plaintiff’s petition and of the order, shall be served on the defendant at least twenty days before the time fixed for the trial of the suit.”
The next two sections of the general expropriation law (LSA-R.S. 19:6 and 7) provide, in substance, that the defendant in such a suit shall file his answer within ten days after service of process on him, and that his failure to file his answer timely constitutes a waiver by him of all defenses to the suit except claims for money as compensation for the property sought to be expropriated and claims for money as damages to other property.
The citation which was issued to one of the defendants in this suit reads as follows:
“STATE OF LOUISIANA “TENNECO INC.
PARISH OF JEFFERSON DAVIS VS. NO. C 324 68
THIRTY-FIRST JUDICIAL DISTRICT COURT VALENTINE A. EARHART, JR. et al.
“TO: Mr. Valentine A. Earhart, Jr. 1412 Eighth Street New Orleans, Louisiana
You are hereby notified that, by order of the Court, the trial of the above entitled and numbered cause has been fixed for August 20, 1968, at 9:00 o’clock A^m., Jennings, Louisiana.
Certified copy of the Plaintiff’s petition and certified copy of the order fixing the time of the trial accompanies this citation.
Your answer should be filed and a copy thereof served on Plaintiff’s attorneys of record, BURT W. SPERRY, c/o Shotwell, Brown & Sperry, 708 Ouachita National Bank Building, Monroe, Louisiana 71201 and EDWARDS, EDWARDS & BROADHURST, P. O. Box 504, Crowley, Louisiana 70526, all in accordance with law.
s/ Ida Trahan_
Deputy Clerk of Court”
“DATE: July 25, 1968.”
An identical citation, except for the name of the person to whom it was addressed, was issued to each of the other two defendants. All of these citations,.with copies of plaintiff’s petition and the court order fixing the time of the trial, were served on defendants by personal service. The returns of the deputy sheriff who made the service show that each citation was served on July 29, 1968.
Defendants call our attention to LSA-C.C.P. art. 1201 which provides that citation and service thereof are essential in all civil actions, except summary and execu-tory proceedings, and that without such citation and service “all proceedings are absolutely null.” They take the position that the citations issued in an expropriation suit such as this must comply with the provisions of LSA-C.C.P. art. 1202, as well as with LSA-R.S. 19:5, and that a failure to comply with that article of the Code of Civil Procedure renders the proceedings an absolute nullity.
*112 One of the grounds upon which defendants attack these citations is that “they do not give the location of the court issuing the citation.” We find no merit to that argument. The document shows that it emanated from the Thirty-First Judicial District Court, Parish of Jefferson Davis, and that the trial is to be held at Jennings, Louisiana. We think those provisions adequately show the location of the court.
Another ground urged by defendants in contending that the citations are fatally defective is that they fail to contain a statement that the person cited must either comply with plaintiff’s demand or make an appearance within the ten day period specified in LSA-R.S. 19:6. This argument is based on the provisions of LSA-C.C.P. art. 1202(5), which actually requires that the defendant be notified that he has 15 days with which to make an appearance, as provided in LSA-C.C.P. art. 1001. Defendants concede that the last cited article of the Code of Civil Procedure, allowing 15 days within which to answer, is not applicable here. They argue, however, that the provisions of Article 1202 (5) must be complied with as to form, and that the ten day delay provided in LSA-R.S. 19:6 should be inserted instead of the 15 day delay called for in that article.
In Gulf States Utilities Company v. Morton, 167 So.2d 458 (La.App. 1st Cir.1964) the citation specified that the defendant must answer within 15 days, whereas LSA-R.S. 19:6 allowed only ten days. The defendant did not make an appearance until after the 15 day period had elapsed. On appeal he contended that the citation was fatally defective and that the proceedings thus were null. The court held, however, that even though the delay for answering was incorrectly stated in the citation, the defendant was not prejudiced by that error, and that the citation thus was valid. In so holding the court, after quoting LSA-R.S. 19:6 and 7, observed that “The above quoted expropriation statutes deal with a specific subject and are, therefore, ‘sui generis’.”
The case of State, Through Department of Highways v. Cefalu, 153 So.2d 605 (La. App. 1st Cir. 1963), involved an expropriation for highway purposes under the provisions of LSA-R.S. 48:441 et seq. The citation issued in that case failed to specify a maximum delay allowed for answering, and it contained no citation to make any defense. A certified copy of the petition was annexed to the notice which was served on defendant, however, and the petition recited that the proceedings were being taken under the provisions of LSA-R.S. 48:441-48:460, which required the filing of an answer within 30 days. The court, in holding that the notice was valid, said:
“The statute does not require that the notice set forth in so many words that the delay for answering shall be 30 days. Moreover, as contended by the plaintiff, the certified copy of the petition which is annexed to the notice recites that the proceeding is taken under the provisions of LSA-R.S. 48:441-48:460, [48:450], requiring the filing of an answer within 30 days. We agree, as contended by the State, that the provisions of the statute were complied with and that the notice is proper and legal and that, therefore, defendant-owner is precluded from questioning value as has been held in State Through Department of Highways v. Higgins, La.App., 135 So.2d 306 and State, Through Department of Highways v. Jackson Brewing Co., La.App., 146 So.2d 504.”
We agree with the following statement made by the author in 6 Nichols, Eminent Domain, 26.12[2] (3rd Ed.1965):
“The courts are not inclined to be as rigid in their requirements as to the form of notice as they are in the matter of service, and if a notice sufficiently warns the land-owner that a designated portion of his land is to be taken by eminent domain the proceedings will not be invalidated for purely formal defects in the phraseology of the notice.”
*113 The citations which were issued in the instant suit specifically stated that “Your answer should be filed and a copy thereof served on Plaintiffs attorneys of record * * *, all in accordance with law.” The petition does not recite the specific statute, or sections of the Revised Statutes, under which the proceeding is instituted, but we think the allegations are adequate to apprise defendants of the fact that the suit is instituted under the general expropriation laws of this state, and that the provisions of LSA-R.S. 19:6 and 7, with reference to the time for their answer, are applicable. We think the citations issued herein adequately comply with the requirements of LSA-R.S. 19:5.
We find ho merit to defendants’ argument that the citation is defective because it was signed by a deputy clerk instead of the Clerk of Court. LSA-C.C.P. art. 255 authorizes deputy clerks to perform those duties.
Defendant argues further that they are entitled to a delay of 20 days within which to answer, because of misleading language used in the court order fixing the time of the trial. The pertinent portion of the court order provides:
“IT IS FURTHER ORDERED that the trial of this suit be and the same is hereby fixed for August 20, 1968, at 9:00 o’clock a. m. at Jennings, Louisiana, and the Clerk of this Court is directed to issue a notice to the defendant herein of such fact, observing, however, to give defendant twenty full days’ notice from the date of the issuance and service of said notice.”
We do not feel that the defendants reasonably could have been misled by the wording of that order into believing that they had 20 days within which to answer or to raise other defenses, contrary to the provisions of LSA-R.S. 19:6 and 7. If they actually were misled to that extent, then it seems to us that they would have made some attempt to urge those defenses when the case came up for trial. We think their unexplained decision to make no appearance at the trial constitutes a waiver of the defenses which they alleged in the pleadings which they filed. But, even though their actions are not construed to be a waiver, they presented no evidence or arguments to support their special defenses or demands, and we find no error on the part of the trial court in rejecting those demands.
In support of their exception of improper venue, defendants argue that under the provisions of LSA-C.C.P. art. 42(1) they may be sued only at their domicile, which is in Orleans Parish. This suit was instituted in the parish in which the land is situated, as required by LSA-R.S. 19:2.1. Defendants argue, however, that this provision of the expropriation law was repealed by Act 15 of 1960, that being the legislation which enacted our Code of Civil Procedure.
We cannot agree with this argument of defendants. LSA-C.C.P. art. 43 provides that the general rules of venue set out in the preceding article are not applicable where “otherwise provided by law.” LSA-R.S. 19:2.1 relating to venue in expropriation cases, is a statute dealing with a specific subject, and we conclude that it was not repealed by the adoption of the general rule which is set out in LSA-C.C.P. art. 42(1).
Finally, defendants contend that it is inequitable to require them to travel from their domicile in New Orleans to Jennings, Louisiana, for the trial of this case. They argue that the court has the discretion to transfer the cause of action to the most convenient forum for all parties, citing LSA-C.C.P. art. 121 as authority for that argument. We find that the cited article of the Code of Civil Procedure is not applicable here because the suit was filed in a court of proper venue. Also, without considering the legal questions involved, we are not convinced that it is more convenient for all parties to try the case in a parish which is a consid *114 erable distance from the place where the property is located.
Our conclusion is that the citation which was served on the defendants is valid, and that the judgment appealed from is correct.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to defendants-appellants.
Affirmed.