HALL, Judge.
Defendant prosecutes this appeal from a judgment rendered against him by default on November 14, 1968. Only procedural matters are involved in the appeal.
On February 13, 1968 plaintiff filed suit in the Civil District Court for the Parish of Orleans seeking to have recognized and made executory a monetary judgment it had obtained against defendant in the State of New York. Domiciliary service was made on defendant by placing the citation and a copy of the petition in the hands of defendant’s mother.
No answer having been filed plaintiff obtained a judgment by default against defendant on March 18, 1968. A copy of this judgment was served on defendant in person on March 19, 1968.
On March 21, 1968 defendant through his then attorney filed a rule for a new trial alleging as grounds therefor: (1) that the service of process was defective in that his mother was mentally incapacitated and unable to receive service of process, and (2) that the New York Court lacked jurisdiction to render a judgment against him.
The rule came on for trial on May 8, 1968 and resulted in a judgment on that day annulling and setting aside the default judgment of May 18, 1968 and granting a new trial as prayed for. Since the only testimony taken at the trial of the rule was with reference to the mental capacity of defendant’s mother to receive service and since the record does not show that the question of the New York Court’s jurisdiction was taken up or argued we take it that the Trial Judge based his judgment on the insufficiency of the service of process.
On October 10, 1968 defendant’s then attorney withdrew as counsel.
On October 24, 1968 plaintiff entered a second preliminary default against defendant although no new or additional service of process had been effected. On November 14, 1968 the Trial Judge rendered and signed a judgment confirming this preliminary default and rendering judgment in plaintiff’s favor recognizing the New York judgment and condemning defendant to pay plaintiff the amount thereof.
Defendant brings this appeal from this second default judgment.
The briefs and arguments of both appellant and appellee are devoted almost entirely to a discussion of whether defendant made a “general appearance” in the case by filing a motion for a new trial following rendition of the first default judgment. Defendant-appellant takes the position that the filing of the motion did not constitute *597 an “appearance” but even if it did he was entitled to have the new trial set down for hearing after notice according to the rules of the Trial Court. He contends that in neither event could a default be taken against him. Plaintiff-appellee takes the position that defendant’s motion for a new trial was an “appearance” which obviated the necessity of serving defendant with process and that he was therefore entitled to proceed by default, no answer having been filed.
We find no necessity for discussing these various contentions. In our opinion what should have been a relatively simple matter has become unnecessarily complicated due to the fact that defendant made the first false step by filing his motion for a new trial. This motion was comprised in part by what amounted to a declinatory exception of insufficiency or deficiency of the service of process (see LSA-C.C.P. Art. 925) and this exception apparently was the basis for the granting of the new trial. Since a declinatory exception must be pleaded prior to judgment by default (LSA-C.C.P. Art. 928) defendant’s motion for a new trial was entirely out of order. His sole remedy was a suit to annul the judgment.
We are of the opinion that we should straighten out this matter by taking recourse to the authority given Appellate Courts by LSA-C.C.P. Art. 2164 to render “any judgment which is just, legal, and proper upon the record on appeal.”
The testimony taken on May 8, 1968 convinces us that defendant’s mother, upon whom process wás served, was mentally incapable of receiving service and for that reason the service was void. There has been no further service of process since. Valid service of process never having been effected, the preliminary default entered by plaintiff on October 24, 1968 and the judgment of November 14, 1968 confirming same are absolute nullities.
For the foregoing reasons the judgment of November 14, 1968 appealed from is annulled and set aside without prejudice however to the right of plaintiff to effect a valid service of process on defendant and thereafter to prosecute its claim according to law, and the cause is remanded to the Trial Court for this purpose; costs of this appeal to be borne in equal proportions by the parties hereto, all other costs to await final determination of the cause.
Judgment annulled without prejudice but with instructions and cause remanded.