356 So.2d 505 (1977)
BOYCE MACHINERY CORPORATION, Plaintiff-Appellee,
v.
INTERSTATE PAVING CORPORATION, Defendant-Appellant.
No. 11662.
Court of Appeal of Louisiana, First Circuit.
December 28, 1977.
James E. Toups, Jr., Baton Rouge, of counsel for plaintiff-appellee.
James Q. Smith, Wichita Falls, Tex., W. Clay McGehee, New Orleans, of counsel for defendant-appellant.
Before LANDRY, SARTAIN and ELLIS, JJ.
SARTAIN, Judge.
This is an appeal from a judgment of the district court recalling and vacating its previous order granting Interstate Paving Corporation (appellant) a devolutive appeal. We affirm.
A chronology of events leading up to the instant controversy is as follows: On June 18, 1976, plaintiff instituted suit against appellant on an open account. Service of process was made pursuant to R.S. 13:3201, *506 et seq. (Louisiana's Long Arm statute). Judgment by default was entered on August 31, 1976. On January 4, 1977, appellant filed an ex parte motion for a devolutive appeal which was granted by the trial judge. An appropriate bond was filed.
Subsequently, plaintiff filed a motion in the trial court to dismiss the appeal on the ground that it was untimely filed. After hearing argument the trial judge rendered judgment on March 16, 1977, setting aside appellant's order of appeal of February 4, 1977. It is from the judgment of March 16th that appellant now appeals suspensively.
Appellant first contends that service under R.S. 13:3201, et seq. is so patently erroneous that it amounts to no service at all and any judgment rendered thereunder is an absolute nullity. Alternatively, appellant urges that in the event such service is not an absolute nullity, it was not served with a copy of the judgment, the delays for an appeal had not accrued, its original appeal was timely, and this matter should be remanded with instructions to reinstate the original appeal.
We pretermit for the moment a consideration of the merits and/or demerits of the service of process because we must first determine if the trial court had jurisdiction to set aside its order of appeal. Inherent in this issue is the question of whether appellant was entitled to notice of judgment under C.C.P. Art. 1913.
R.S. 13:3204 provides in pertinent part:
"Service of process so made has the same legal force and validity as personal service on the defendant in this state." (Emphasis ours.)
It appears beyond question that in all respects service of process via the long arm statute, above, is in fact personal service. It therefore follows that C.C.P. Art. 1913 is not applicable. This article, by its express language, requires notice of the signing of default judgment in only those instances where "citation was not served personally."
Appellant concedes that if it was not entitled to notice of the signing of judgment its initial motion for appeal was untimely. We hold that the trial court had jurisdiction to set aside its order of appeal of February 4, 1977 because appellant was not entitled to notice of the signing of judgment. City of Baton Rouge v. Kiper, 96 So.2d 241 (La.App. 1st Cir. 1957).
Turning now to the question of service of process under R.S. 13:3201, et seq., we note that it is undisputed that appellant is a foreign corporation and has not qualified to transact business within the state. It is a Texas corporation whose mailing address is P.O. Box 5002, Wichita Falls, Texas. The record reflects that numerous items of equipment and merchandise were shipped by plaintiff to Texoma Construction Company (a subsidiary of appellant) and billed to the former at "Drawer S, Fort Polk, Louisiana 71459." This was in accordance with a letter dated August 15, 1975, addressed to plaintiff from defendant advising plaintiff "In the future, you are requested to direct all correspondence that was formerly sent to Texoma Construction, Inc., in Wichita Falls, Texas, to Interstate Paving Corporation as set out below." The address shown below was "Interstate Paving Corporation, P. O. Drawer S, Fort Polk, Louisiana 71459." A certified copy of the petition was sent by certified mail to appellant and Texoma at the Fort Polk address and was receipted for by one Morris Sellers.
At the hearing in the trial court on March 16, 1977, appellant argued that the record is devoid of any evidence to show that Sellers was authorized to receive and receipt for any mail on behalf of Interstate or Texoma and that for R.S. 13:3204 to be effective it must be strictly complied with. That is, that it must be mailed by registered or certified mail to the non-resident address of the defendant. Further, appellant contests the import of its letter of August 15, 1975, above. Plaintiff contends that it complied with appellant's request to forward all future correspondence to the Louisiana address.
Under these circumstances, the trial judge, in his written reasons for judgment, stated, inter alia, that appellant ". . . *507 attacks the validity of the judgment based on the insufficiency of the service of process" and that its remedy is by a suit to annul the default judgment and not by appeal. C.C.P. Arts. 925 and 928; Crescent Welding Supply Co. v. Harding, 197 So.2d 405 (La.App. 4th Cir. 1967). We agree.[1]
For the above reasons, the judgment of the district court is affirmed at appellant's costs.
AFFIRMED.
NOTES
[1] Plaintiff stated in oral argument that such a suit is now pending in the district court.