386 So.2d 972 (1980)
Fay Garner O. McMICKENS, Plaintiff-Appellee,
v.
Calvin J. McMICKENS, Defendant-Appellant.
No. 7605.
Court of Appeal of Louisiana, Third Circuit.
May 21, 1980.
Dodd, Barker, Avant, Wall & Thomas, Floyd J. Falcon, Jr., Baton Rouge, for defendant-appellant.
Kennedy & Yeager, Ralph W. Kennedy, Alexandria, for plaintiff-appellee.
Before DOMENGEAUX, GUIDRY and LABORDE, JJ.
GUIDRY, Judge.
Defendant, Calvin J. McMickens, appeals from a judgment dated September 7, 1979 *973 finding him in contempt for failure to pay child support and making executory $150.00 in past due child support. The judgment also awarded plaintiff, Fay Garner McMickens Morrill, $250.00 as attorney's fees.
There is no evidence in the record as to service of the rule, pursuant to which the judgment was granted, on either defendant or his counsel. However, the court minutes reflect in pertinent part the following:
"Returns from the Sheriff of East Baton Rouge Parish showed the refusal of Mr. Falcon to accept service on the rule on behalf of his client ..."
Presumably neither counsel for defendant nor the defendant were present at the hearing on the rule which resulted in the judgment of which appellant complains. In this connection the minutes of court reflect in pertinent part the following:
"This matter set forth hearing on two rules. Mr. Floyd J. Falcon, forwarded a letter advising that his client would pass on the rule he had filed. Mr. Ralph Kennedy, counsel for plaintiff, Fay Garner O. McMickens, was present ..."
The letter referred to in the court minutes appears in the record as plaintiff's exhibit 2 and reads as follows:
"Mr. Ralph W. Kennedy
Attorney at Law
P.O. Box 1369
Alexandria, Louisiana 71301
 Re: Fay Garner O. McMickens
 Morrill vs. Calvin J.
 McMickens
Dear Mr. Kennedy:
I have instructed Mr. McMickens to make up any payment arrearages through the current time if any exist.
In connection with the rule scheduled for September 4, 1979, it appears that we have no dispute as to the facts and I would like to prepare a stipulation to be submitted to Judge McCain. Please advise if you are agreeable to this.
The stipulation would merely reflect that Trent McMickens is no longer in the physical custody of his mother and that the provisional custody has been judicially awarded to Calvin Randolph McMickens.
 Very truly yours,
 AVANT, WALL, THOMAS,
 RICHE & FALCON
 s/ Floyd
 Floyd J. Falcon, Jr.
FJFjr/nbc
cc: C. J. McMickens"
In brief to this court counsel for defendant seeks a reversal of the trial court judgment on the ground that the trial court lacked jurisdiction over the person of the defendant because he was not served with citation and in the alternative, if there was service, the service was improper under LSA-C.C.P. Article 1314.
We dismiss defendant's appeal and do not reach or consider the merits of the issues raised by counsel for appellant in brief.
Insufficiency of citation is an objection which must be raised through the declinatory exception and is waived if the defendant makes a general appearance. The declinatory exception must be pleaded prior to answer or judgment by default. LSA-C. C.P. Articles 925 and 928.
LSA-C.C.P. Article 2001 provides:
"The nullity of a final judgment may be demanded for vices of either form or substance, as provided in Articles 2002 through 2006."
LSA-C.C.P. Article 2002 provides in pertinent part as follows:
"A final judgment shall be annulled if it is rendered: ...
(2) Against a defendant who has not been served with process as required by law and who has not entered a general appearance ...."
The official comments to this article state in part:
"(d) The above article covers judgments rendered in cases where there was no citation at all, cases involving defective citation, and cases where the defendant did not effect a waiver of service and citation by making a general appearance..."
*974 In light of the cited articles we conclude that appellant's remedy, if he be aggrieved by the judgment rendered September 7, 1979, is by way of a suit for nullity of judgment and not by appeal.
In Michigan Wisconsin Pipe Line Co. v. Sugarland Development Corporation, 221 So.2d 593 (La.App. 3rd Cir. 1969), writ refused 254 La. 469, 223 So.2d 872, we stated:
"... the alleged insufficiency of the citation or statutory notice (LSA-R.S. 19:5), not questioned by declinatory exception, cannot be questioned on appeal. LSA-C.C.P. Art. 925; Tenneco Inc. v. Earhart, La.App. 3d Cir., 220 So.2d 109 (1969); Michigan Wisconsin Pipe Line Co., La.App. 3d Cir., 217 So.2d 741."
In Boyce Machinery Corporation v. Interstate Paving Corporation, 356 So.2d 505 (La.App. 1st Cir. 1977), the court refused to consider an appeal from a default judgment where the only issue raised concerned sufficiency of service of process on defendant and stated:
"Appellant `attacks the validity of the judgment based on the insufficiency of the service of process'. ... its remedy is by a suit to annul the default judgment and not by appeal. C.C.P. Arts. 925 and 928; Crescent Welding Supply Co. v. Harding, 197 So.2d 405 (La. App. 4th Cir. 1967) ..."
Supportive of the conclusion which we reach is the case of Dicta Realty Associates v. Conrad, 230 So.2d 595 (La.App. 4th Cir. 1970) which holds to the effect that a motion for new trial, amounting to a declinatory exception of insufficiency of service of process made after granting of a default judgment, is without merit, the sole remedy being a suit to annul the judgment.
For the above and foregoing reasons we conclude that appellant's appeal should be dismissed at his cost.
APPEAL DISMISSED.