CIACCIO, Judge.
Gayfryd Dorothea McNabb Johnson petitioned the district court for an order separating the property and terminating the community property regime between her and her husband, Norman LaBaume Johnson. Norman L. Johnson made no appearance in this proceeding. Ultimately the district court rendered a default judgment ordering a separation of property and a termination of the community property regime.
Norman L. Johnson requested the district court to allow him to appeal suspen-sively from the default judgment. The district court denied him a suspensive appeal, but granted him a devolutive appeal. He perfected his appeal in this court and assigned the following two errors to the actions of the trial court. (1) The default judgment was erroneously entered because he had never been cited nor waived citation, and without citation the proceedings are absolutely null; and (2) the trial court erroneously denied him a suspensive appeal.
In this court, Gayfryd Johnson filed a motion to dismiss the appeal on the ground that appellant’s proper remedy, if he neither received nor waived citation, is by an action in nullity, and not by appeal. We agree.
This identical issue has been addressed previously by the courts of this state. The following exerpt from the opinion of the Third Circuit Court of Appeal in McMickens v. McMickens, 386 So.2d 972 (La.App. 3d Cir.1980), is both comprehensive and directly relevant to the issue, and we adopt it as our reasoning in this case.
Insufficiency of citation is an objection which must be raised through the decli-natory exception and is waived if the defendant makes a general appearance. ■The declinatory exception must be pleaded prior to answer or judgment by default. LSA-C.C.P. Article 925 and 928. LSA-C.C.P. Article 2001 provides:
“The nullity of a final judgment may be demanded for vices of either form or substance, as provided in Articles 2002 through 2006.”
LSA-C.C.P. Article 2002 provides in pertinent part as follows:
“A final judgment shall be annulled if it is rendered:
(2) Against a defendant who has not been served with process as required by law and who has not entered a general appearance.”
The official comments to this article state in part:
“(d) The above article covers judgments rendered in cases where there was no citation at all, cases involving defective citation, and cases where the defendant did not effect a waiver of service and citation by making a general appearance.”
In light of the cited articles we conclude that appellant’s remedy, if he be aggrieved by the judgment rendered in this case is by way of a suit for nullity of judgment and not by appeal.
In Michigan Wisconsin Pipe Line Co. v. Sugarland Development Corporation, 221 So.2d 593 (La.App. 3rd Cir.1969), writ refused 254 La. 469, 223 So.2d 872, we stated:
“the alleged insufficiency of the citation or statutory notice (LSA-R.S. 19:5), not questioned by declinatory exception, cannot be questioned on appeal. LSA-C. C.P. Art. 925: Tenneco Inc. v. Earhart, La.App.3d Cir., 220 So.2d 109 (1969); Michigan Wisconsin Pipe Line Co., La. App.3d Cir., 217 So.2d 741.:
In Boyce Machinery Corporation v. Interstate Paving Corporation, 356 So.2d 505 (La.App. 1st Cir.1977), the court refused to consider an appeal from a default judgment where the only issue raised concerned sufficiency of service of process on defendant and stated:
*159 “Appellant ‘attacks the validity of the judgment based on the insufficiency of the service of process’ its remedy is by a suit to annul the default judgment and not by appeal. C.C.P. Arts. 925 and 928; Crescent Welding Supply Co. v. Harding, 197 So.2d 405 (La.App. 4th Cir. 1967) ...”
Supportive of the conclusion which we reach is the case of Dicta Realty Associates v. Conrad, 230 So.2d 595, (La.App. 4th Cir.1970), which holds to the effect that a motion for new trial, amounting to a declinatory exception of insufficiency of service of process made after granting of a default judgment, is without merit, the sole remedy being a suit to annul the judgment.
Counsel for Mr. Johnson argues that the McMickens case and the other cases cited therein are distinguishable from the situation presented by the instant appeal. The distinction relied upon is that McMickens and the other cases involved appeals where the sole issue concerned citation. Counsel argues that the issues he raises concerning a suspensive appeal and entitlement to in-junctive relief render this appeal one which should not be dismissed.
The suspensive appeal issue is not affected by the decision of whether the appeal is dismissed. If the appeal is dismissed because an appeal is the improper vehicle to assert appellant’s claim, then whether appellant is entitled to a suspensive appeal is moot. If the appeal is not dismissed, by the time this court renders its opinion, the suspensive appeal issue becomes moot.
Counsel for appellant also raises an issue in brief concerning appellant’s right to injunctive relief under La.C.C.P. art. 3944. This article makes injunctive relief available to “either party to an action for separation from bed and board or divorce”. The instant suit is not one of these actions; La.C.C.P. art. 3944 is inapplicable. Further, we find nothing in the record to indicate that Norman L. Johnson ever sought such relief in the district court. He may not now seek injunctive relief for the first time on appeal.
In any event, neither of these two issues creates a distinction which will save this appeal from dismissal. Accordingly, this appeal is dismissed. All costs in connection with this appeal are to be paid by appellant, Norman L. Johnson.
APPEAL DISMISSED.