465 So.2d 910 (1985)
DECCA LEASING CORPORATION, Plaintiff-Appellee,
v.
J.M. TORRES, M.D. d/b/a Le Bossier Hotel, Defendant-Appellant.
No. 16808-CA.
Court of Appeal of Louisiana, Second Circuit.
February 27, 1985.
Rehearing Denied March 27, 1985.
Writ Denied May 24, 1985.
*911 Hargrove, Guyton, Ramey & Barlow by Joseph L. Shea, Jr., Shreveport, for defendant-appellant.
Miller, Dawson, & Askew by James H. Askew, Shreveport, for plaintiff-appellee.
Before JASPER E. JONES and FRED W. JONES, Jr., JJ., and PRICE, J. Pro Tem.
PRICE, Judge Pro Tem.
Defendant, J.M. Torres, M.D., D/B/A LeBossier Hotel, appeals the judgment of the trial court in favor of plaintiff, Decca Leasing Corporation, in the amount of $80,728.22 representing sums allegedly due under a lease contract.
From the record, it appears that the plaintiff and defendant entered into a lease on or about September 16, 1983, whereby defendant leased a commercial satellite system from the plaintiff. The terms of the lease provided that if the defendant-lessee should fail to pay the monthly rental fee, the rentals for the unexpired term of the lease could be accelerated. The lease contained a formula by which the sum due by operation of the acceleration provision could be computed.
On February 15, 1984, plaintiff filed the instant action alleging that defendant had paid several monthly rentals but had failed to pay the December, 1983, rental and subsequent installments thereafter despite amicable demand. Plaintiff further alleged *912 that defendant was a non-resident but was actively doing business in this state. Thus, the court had jurisdiction under LSA-R.S. 13:3201(a) in that this cause of action arose out of the non-resident defendant transacting business in this state. The plaintiff prayed for judgment under the accelerated rental provision.
A copy of the petition and the citation was sent to the defendant by certified mail on February 16, 1984. The letter was addressed as follows:
 Dr. J.M. Torres, M.D.
 25636 Narbonne Ave.
 Lomite, California 90717
The letter was returned as "unclaimed" on March 7, 1984. On March 20, 1984 an affidavit of service and the returned letter were filed in the record.
Preliminary default judgments were entered by the plaintiff on April 16, 1984 and May 17, 1984. On May 31, 1984, in open court, the default was confirmed and judgment was rendered in favor of the plaintiff. The defendant did not appear in the proceedings.
On appeal of this judgment, the defendant asserts the following assignments of error:
1.) The trial court did not have personal jurisdiction over the defendant since the requirements for service of process on a non-resident defendant under LSA-R.S. 13:3201 et seq. (Long-Arm Statute) were not met;
2.) The trial court was without authority to enter a default judgment against defendant since the requirements for proof of service under the Long-Arm Statute were not complied with; and
3.) The Long-Arm Statute is unconstitutional as applied by the trial court in the instant case.
For the following reasons, defendant's appeal is dismissed by this court without a consideration of the merits of the assignments of error.
In his brief, defendant essentially argues that the certified letter was incorrectly addressed to Lomite rather than Lomita, California and that the first notice of the instant action received by him was the notice of judgment. Defendant claims that the Long-Arm Statute requires the process be mailed properly addressed and also requires the return receipt of the defendant. Thus, as the address was incorrect and the letter containing the citation was returned "unclaimed", the rendering of the preliminary default was invalid. Further, as a valid service of process was not effected, then personal jurisdiction over the defendant was never obtained. Plaintiff argues that the error in the address was inconsequential as defendant had received other mail at this address and that the "unclaimed" citation was tantamount to the defendant's refusal of service of process.
Although defendant notes that there is jurisprudence which holds that insufficiency of service of process may not be raised for the first time on appeal, defendant argues these issues are properly before this court since defendant had no knowledge of this suit until the notice of judgment, thus the failure to raise these issues in the lower court was excusable and the insufficiencies of the service of process and proof of same are so apparent on the face of the record that no additional evidence is required. Plaintiff also requests for the sake of judicial economy, these issues be disposed of on appeal. Before deciding this issue, it is necessary to examine the pertinent law on the exercise of personal jurisdiction over non-residents by this state.
LSA-C.C.P. Art. 6 provides:
Jurisdiction over the person is the legal power and authority of a court to render a personal judgment against a party to an action or proceeding. This jurisdiction must be based upon:
(1) The service of process on the defendant, or on his agent for the service of process;
(2) The service of process on the attorney at law appointed by the court to defend an action or proceeding brought against an absent or incompetent defendant who is domiciled in this state; or

*913 (3) The submission of the party to the exercise of jurisdiction over him personally by the court, or his express or implied waiver of objections thereto.
Personal jurisdiction over non-residents of this state may be exercised under certain enumerated conditions. LSA-R.S. 13:3201 provides in part as follows:
A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from the nonresident's:
(a) transacting any business in this state....
As to default judgments, the Long-Arm Statute specifies in LSA-R.S. 13:3205 the following requirements:
No default judgment can be rendered against the defendant until thirty days after the filing in the record of the affidavit of the individual who either:
(a) mailed the process to the defendant, showing that it was enclosed in an envelope properly addressed to the defendant, with sufficient postage affixed, and the date it was deposited in the United States mails, to which shall be attached the return receipt of the defendant; or
(b) actually delivered the process to the defendant, showing the date, place, and manner of delivery. (emphasis added)
The Long-Arm Statute was adopted in this state "... to permit the courts of Louisiana to tap the full potential of in personam jurisdiction over non-residents consistent with the due process clause of the fourteenth amendment." Clay v. Clay, 389 So.2d 31 (La.1979) at p. 37 and citations therein. The exercise of personal jurisdiction is fully dependent upon strict compliance with the procedural requirements of the Long-Arm Statute. Clay v. Clay, supra. See also Ray v. South Central Bell Telephone Company, 315 So.2d 759 (La.1975), Tatum v. Ridgeway Properties, 348 So.2d 1323 (La.App. 3d Cir.1977), Howard Ave. Realty Corp. v. McIntosh, 352 So.2d 348 (La.App. 4th Cir. 1977), writ denied 354 So.2d 1376 (La.1978), and Bickford v. Lutz, 339 So.2d 1268 (La. App. 1st Cir.1976). Thus, personal jurisdiction over a non-resident may not attach if service of process does not meet the statute's requirements. Clay v. Clay, supra.
It has been held in numerous cases that insufficiency of citation is an objection which must be raised through a declinatory exception which must be pleaded prior to answer or judgment by default and which is waived if the defendant makes a general appearance. LSA-C.C.P. Arts. 925 and 928. See McMickens v. McMickens, 386 So.2d 972 (La.App. 3d Cir.1980) and citations therein. The question of sufficiency of service on a non-resident defendant may not be raised for the first time on appeal but rather the issue should be raised in a suit to annul the judgment. Bickford v. Lutz, supra, McMickens v. McMickens, supra, Boyce Mach. Corp. v. Interstate Paving Corp., 356 So.2d 505 (La.App. 1st Cir. 1977), and Crescent Welding Supply Co. v. Harding, 197 So.2d 405 (La.App. 4th Cir. 1967).
LSA-C.C.P. Art. 2001 provides that the "nullity of a final judgment may be demanded for vices of either form or substance, as provided in Articles 2002 through 2006."
LSA-C.C.P. Art. 2002 provides in pertinent part as follows:
A final judgment shall be annulled if it is rendered:
(2) Against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken ...
The comments to LSA-C.C.P. Art. 2002 state that the article covers judgments which were rendered in cases where there was no citation at all, cases which involve defective citation and cases where the defendant did not effect a waiver of service and citation by making a general appearance.
*914 In the instant case, defendant made no appearance and now seeks to challenge the sufficiency of service on appeal. Under the jurisprudence cited above, it appears that the general rule is that the proper remedy for a defendant to challenge the validity of the default judgment is by means of a suit to annul the judgment.
The law is clear that a defendant may not be allowed to defeat valid service by merely refusing to accept the letter containing the citation. Ahlers v. Ahlers, 384 So.2d 474 (La.App. 2d Cir.1980), Howard Ave. Realty Corp. v. McIntosh, supra, and Thomas Organ Co. v. Universal Music Co., 261 So.2d 323 (La.App. 1st Cir. 1972).
Further, under LSA-R.S. 13:3205, it appears that the defendant does not have to personally sign the return receipt nor is personal service upon the defendant required. Howard Ave. Realty Corp. v. McIntosh, supra and citations therein. In the Howard case, supra, an employee of the defendant designated to pickup the mail received the petition and citation. The court found that this constituted valid service.
While this court is aware of instances where an appellate court has nullified a default judgment where the defendant made no appearance in the trial court and then directly appealed that judgment without first instituting an action to annul, this appears to be an exception. See White v. White, 398 So.2d 1257 (La.App. 4th Cir. 1981). In White v. White, supra, the record was absolutely devoid of any proof of service or affidavit as required by LSA-R.S. 13:3205. The court found that the only indicia of service was the representation to the court by plaintiff's counsel that service was made through the Long-Arm Statute.
In the instant case, the record does not contain such a glaring discrepancy. The copy of the petition and citation sent to defendant by certified mail was returned "unclaimed." Although plaintiff argues that this is tantamount to refusal, the record is insufficient to make this determination.[1]
It appears that the practical effect behind requiring that the defendant bring an action to annul the judgment is to permit the introduction of additional evidence as to the mode and execution of service of process. It is clear that additional evidence is essential in the instant case in order to ascertain whether the alleged failure to claim the letter was in fact a refusal or avoidance of service and the proper remedy for the defendant is by way of a suit for nullity.
For the above reasons, the appeal of defendant, J.M. Torres, M.D., D/B/A LeBossier Hotel is dismissed at his cost.
DISMISSED.
NOTES
[1] The letter was addressed to defendant's business, rather than residential, address. In brief, plaintiff argues the business office was obviously open with a staff of employees to handle such details as mail receipt. Defendant states in brief that he did not receive any notices for the mail and was not in town or in his office during most of the entire period of time prior to the date that the certified mail was returned.