DUFRESNE, Judge.
This is an appeal by Christopher Livac-cari, defendant-appellant, from a default judgment in favor of Rosalie Young, plaintiff-appellee, in the amount of $19,999.99, for damages suffered by her in an automobile accident. Appellant urges two errors here. His first assertion is that the damage award is excessive; his second is that the default judgment resulted from a breakdown in communications between the various attorneys and it should therefore be nullified and the matter remanded in order to give all parties their day in court. For the following reasons, we reject both arguments, and affirm the judgment.
As to the second alleged error, appellant is apparently urging that the judgment should be declared a nullity under the provisions of La.Code Civ.Pro. art. 2004. Although there are cases in which the absolute nullity of a judgment has been considered on direct appeal, White v. White, 398 So.2d 1257 (La.App. 4th Cir.1981), the general rule is that the proper avenue to assert a claim of relative nullity for fraud or ill practices under article 2004 is by way 'of a separate suit to annul the judgment. As suggested in Decca Leasing Corp. v. Torres, 465 So.2d 910 (La.App. 2nd Cir.1985), the practical effect of the rule is to permit introduction of additional evidence as to the alleged defect in the original judgment, where the grounds of that defect do not clearly appear in the record of the original action.
Here, all that can be determined from the record before us is that appellant was served with the suit, failed to answer timely, and was defaulted. If there exists evidence to show that the judgment was otherwise defective, it certainly does not appear in the record, and we therefore must decline to rule on this alleged error. In this same regard, appellee has filed a motion for sanctions against appellant’s counsel which basically asserts that this latter attorney raised the allegation that the judgment was obtained by ill-practices with knowledge that there was no good ground to support it, La.Code Civ.Pro. arts. 863 and 864. Again, resolution of this question depends on evidence not of record, and we likewise decline to address that motion on this appeal.
Appellant’s other allegation is that the trial judge abused his discretion in awarding a lump-sum judgment of $19,999.99. The standard of review on the issue of excessive or inadequate damages is stated in Reck v. Stevens, 373 So.2d 498 (La.1979) as follows:
Thus, the initial inquiry must always be directed at whether the trier court’s award for the particular injuries and their effects upon this particular injured person is, a clear abuse of the trier of fact’s “much discretion,” La.Civ.C. art. 1934(3) in the award of damages. It is only after articulated analysis of the facts discloses an abuse of discretion, that the award may on appellate review, for articulated reason, be considered either excessive or insufficient, (emphasis in original) (citations omitted) (at 501).
*211 Although the substance of La. Civ. C. art. 1934(3) was re-enacted as art. 1999 by Acts 1984, No. 331, § 1, in somewhat different language, that new language has not altered the rule of Reck v. Stevens, supra, see Pattison v. B.F. Goodrich, Co., 522 So.2d 1212 (La.App. 4th Cir.1988).
In the present case, plaintiff testified that she was a guest passenger in defendant’s vehicle when he lost control of it during an argument with another passenger, ran off the road, and hit a telephone post. She showed that her medical bills attributable to the accident were $620.00. Defendant contends that $50.00 of this amount is not recoverable because this was the doctor’s charge for his narrative report, citing Adams v. Security Insurance Co. of Hartford, 533 So.2d 140 (La.App. 1st Cir.1988). While we agree with the rule of that case, we do not find that rule applicable here. The narrative report at issue was prepared for submission as evidence in lieu of the doctor’s live testimony, as per Code Civ.Pro. art. 1702(D). Under La.R.S. 13:4533, “witness fees” are taxable as costs, and this statute has consistantly been construed as providing for taxing of expert witness fees, Green v. Ouachita Coca-Cola Bottling Co., 420 So.2d 540 (La.App. 2nd Cir.1982). Thus, had the doctor been called as a live witness for this default proceeding, defendant would properly have been cast for the expert witness fee, and we see no reason to reach a different result simply because the doctor’s opinion was submitted by way of a verified narrative report as specifically allowed by La. Code Civ. Pro. art. 1702(D). We thus conclude that defendant is liable for the full $620.00 for medical costs and the expert’s fee.
Plaintiff further testified that she missed one month’s work because of the accident and thus lost some $1,500.00 in wages. Subtracting these items of special damages from the total award leaves some $18,000 in general damages, which defendant contends is excessive on the particular facts of the case. We disagree.
Plaintiff testified that on impact with the telephone post her head went into the windshield and her chin hit the dashboard, resulting in lacerations in her gum and nerve damage to her chin. She also injured her neck. She further stated that sutures were required in her gum and that her face and chin were bruised and swollen for some two months. Photographs taken near the time of the accident corroborated this testimony. She further testified that at the time of trial, some 22 months after the injury, her chin was still numb from nerve damage.
Additionally, some three months after the accident she reported to Dr. Philip Farley, who diagnosed her as suffering from a cervical strain. She was treated conservatively for three or four months with medication and physical therapy, and discharged for home care and exercise and advised to return if needed. Plaintiff stated that she still suffers from intermittent neck soreness when she works.
After careful consideration of the above evidence, this court is unable to articulate any reasons as to why the award would constitute an abuse of the trier of fact’s much discretion in fixing the award. Although we do find the award to be greater than one this court might have fixed on the particular facts of the case, we cannot for that reason alone hold that the trial judge abused his discretion, Pattison v. B.F. Goodrich Co., supra.
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
AFFIRMED.