JjMOON LANDRIEU, Judge Pro Tempore.
In this breach of contract case, the defendant-appellants, Dennis Blossom and Blossom Construction Company, Inc. (collectively referred to as “Blossom”) appeal the May 9, 2003 default judgment against them for $26,000. Blossom claims for the first time on appeal that they were not served with plaintiff/appellee Inotee Rivera’s Petition for Damages for Breach of Contract as alleged in the plaintiffs Mo *542 tion for Default Judgment. For the following reasons, we affirm the judgment of the trial court.
STATEMENT OF FACTS
On January 7, 2003, the defendant/appellants Dennis Blossom and Blossom Construction Company, Inc. submitted an agreement for all materials and labor for construction work to be performed on plaintiff/appellee Inotee Rivera’s (“Rivera”) property located at 2442 Annunciation Street[1]. The agreement called for Blossom to install a central air and heat system, gut the exterior walls, install installation, hang taping and finish sheet-rocking, as well as remove the existing asbestos [¡¡shingles on the roof, replacing them with 20 year seal tab shingles. The total cost for the work was $15,500 to be paid one-third down at the beginning, one-third after the roof was stripped and the balance upon completion.[2]
A January 13, 2003 correspondence stated that the work was to be performed on Rivera’s property located at 2324-26 Annunciation Street, and included all materials and labor for the entire removal of existing roof shingles and their replacement with asphalt roof shingles, the installation of two three-ton heating and cooling central air systems with all duct work and installation, and to provide and install R-18 Batt insulation and new inch sheet-rock at all perimeter walls.
On February 10, 2003, Rivera and Dennis Blossom signed a “Contract Adjustment” which stated that to date $8,000[3] of the original contract amount of $15,500[4] had been paid, and noted that the only work completed since the original agreement was the plaster at exterior wall demolition and 75% completion of the roof. The contract adjustment gave Blossom twenty-one days or until March 3, 2003, to complete installing new sheetrock and the central air and heat system, finish the walls and complete the roof. The parties also agreed that a liquidated damage amount of $200 per day would be deducted from the remaining balance of $7,500 due at the completion of the job.
[oOn April 9, 2003, Rivera filed a Petition for Damages for Breach of Contract alleging that by the defendants’ intentional or negligent acts, they willfully and knowingly failed to perform any aspect of their contractual obligations except for renovations to the roof and the hanging of some sheetrock which entitled him to the return of the $15,500 paid to the defendants with legal interest and damages under the contract and Louisiana law for the costs for repairs to the substandard partial renovation work and the resultant damages caused thereby, increased insurance premiums because of the delays in construction, the costs of removing the construction dumpster, the loss of use and rental in *543 come of the building, and mental anguish as well as emotional distress.
Rivera claimed that the total amount of $15,500 had been paid pursuant to the terms of the contracts, and that the work done by Blossom resulted in the roof leaking and further damage to the property resulting in the need for more expensive repairs to the building. The Sheriffs Return indicated that domiciliary service of the plaintiffs petition was made on Dennis Blossom at 8619 Pettari Place through his wife, Kathleen Blossom, on April 12, 2003. Mrs. Blossom claimed that she hand delivered the petition to Dennis Blossom.
On April 29, 2003, the plaintiff filed a Motion for Default and the district court granted a preliminary default judgment that same day after the clerk of court certified that nothing had been filed by the defendant. In the May 9, 2003 affidavit by Rivera in support of the Motion for Default, Rivera assessed the damages incurred: $15,400 paid in cash to Dennis Blossom plus legal interest; $13,200 14based on contractual damages of $200 per day for failure to complete the work from March 3 to May 8, 2003; any additional daily accrual damages at the rate of $200 per day, $5,000 per month for loss of use and/or rental income of the building, $7,500 for emotional distress and severe mental anguish, $5,000 to replace or make repairs on the substandard renovation work done by Blossom and the resultant damages, as well as all other damages presented at trial.
On May 9, 2003, the district court rendered judgment in favor of plaintiff Rivera and against the defendants awarding Rivera $26,000 in damages “plus legal interest and all court costs which the Court finds reasonable under the premises.” The Notice of Signing of Judgment was mailed to Dennis Blossom at 3619 Pettari Place, New Orleans, LA 70131. On July 21, 2003, Dennis Blossom was personally served at 2201 Springbrook Lane, Apt. F, New Orleans, Louisiana 70131 with the Motion for Judgment Debtor Examination ordering him to. appear on August 1, 2003. He failed to appear.
ASSIGNMENT OF ERROR
In his sole assignment of error, the appellant claims that the trial court erred in entering a judgment of default against him because he never received notice of the plaintiffs action against him.
DISCUSSION
Insufficiency or deficiency of the service of process is a declinatory exception, which must be pled prior to judgment by default, or it is waived by the defendant. La. C.C.P. art. 925 and 928. Guidry’s Seafood Distributors, Inc. v. Farmers Seafood Company, Inc., 99-1005 (La. App. 3 Cir. 12/15/99), 759 So.2d 806; Katz v. Brian Investments, Ltd., 542 So.2d 48 (La.App. 4 Cir.1989); Decca Leasing Corp. v. Torres, 465 So.2d 910 (La.App. 2 Cir. 1985); General Leasing Co. v. Leda Towing Co., Inc., 350 So.2d 931, (La.App. 4 Cir.1977). Once a default judgment has been rendered. by the court,, the defendant’s sole .remedy is a suit to annul the judgment, not by an appeal. Guidry’s Seafood Distributors, Inc., supra; Rodriguez v. Prudhomme Mobile Homes, 98-1384 (La.App. 3 Cir. 3/3/99), 737 So.2d 75; Decca Leasing Corp., supra. This issue has been addressed previously by- this Court in In re Johnson, 449 So.2d 157, at 158 (La.App. 4 Cir.1984), citing McMickens v. McMickens, 386 So.2d 972 (La.App. 3 Cir.1980). This Court stated:
The declinatory exception must be pleaded prior to answer or judgment by default. LSA-C.C.P. Article 925 and 928.
LSA-C.C.P. Article 2001 provides:
*544 “The nullity of a final judgment may be demanded for vices of either form or substance, as provided in Articles 2002 through 2006.”
LSA-C.C.P. Article 2002 provides in pertinent part as follows:
“A final judgment shall be annulled if it is rendered:
(2) Against a defendant who has not been served with process as required by law and who has not entered a general appearance.”
The official comments to this article state in part:
“(d) The above article covers judgments rendered in cases where there was no citation at all, cases involving defective citation, and cases where the defendant did not effect a waiver of service and citation by making a general appearance.”
In light of the cited articles we conclude that appellant’s remedy, if he be aggrieved by the judgment ... is by way of a suit for nullity of judgment and not by appeal.
In the instant case, the defendant did not make an appearance before the trial court nor did he plead insufficiency of service of process in a declinatory exception | fibefore the trial court rendered a judgment of default against him. Instead he challenges the sufficiency of service for the first time on appeal. The proper remedy for the defendant to have challenged the validity of the default judgment was in a suit to annul the judgment, not by means of an appeal. Therefore, without deciding the merits of defendants’ claim, we conclude that this case is not properly before us having been raised for the first time on appeal, instead of in a suit to annul the default judgment.
Finally, in plaintiff-appellee’s answer to the appeal she requests sanctions for the defendants’ frivolous appeal in the amount of $5,000.
La.C.C.P. art. 2164 authorizes a claim for damages for frivolous appeal. Because its provisions are penal in nature they must be strictly construed. American Supply Co. of Morgan City, Inc. v. Tam Alyene, Inc., 470 So.2d 459, (La.App. 1 Cir.1985). Since appeals are favored, the imposition of penalties will not be granted unless clearly due and it appears that the appeal was taken solely for delay, that appealing counsel does not seriously believe in the position he advocates, and that there are no serious legal questions. If an appeal raises legitimate issues even though its contentions are without merit, damages are not allowed. Lemke v. Lemke, 616 So.2d 852 (La.App. 3 Cir.1993). The record before this Court does not provide enough evidence to conclude that this appeal was frivolous.
For the foregoing reasons, the judgment of the trial court is affirmed and sanctions for frivolous appeal are denied.
AFFIRMED.

. The January 7, 2003 agreement stated that the work was to be performed at 2442 Annunciation Street. However, the Petition for Damages for Breach of Contract filed by Ino-tee Riveria stated that all of the renovations and objectives set forth in the contracts were to be performed at 2324-26 Annunciation Street.

. The copy of original agreement provided in the records to this Court was neither witnessed nor signed by Rivera.

. The record presented to this Court contains ■ four checks from Rivera to Dennis Blossom: check no. 406 issued on 1/8/03 for repair work in the amount of $500, check no. 409 issued on 1/13/03 for deposit on contract in the amount of $5,000, check no. 412 issued on 1/21/03 for a second payment in the amount of $3000, and check no. 416 issued on 2/1/03 for electrical in the amount of $1,900.

.The contract adjustment actually states the original contract amount as $15,5000 in error.