JOAN BERNARD ARMSTRONG, Chief Judge.
|TThe defendant-appellant, James M. Pittman, appeals a judgment denying his petition to annul a judgment of expropriation in favor of the plaintiff-appellee, New Orleans Redevelopment Authority (“NORA”). We affirm.
On September 15, 2000 the New Orleans Department of Health declared the immovable properties located at 4970 St. Claude Avenue and 1030-32 to be blighted. On December 17, 2003, NORA entered into an *894 after acquired purchase contract with Holy Cross College, Inc. d/b/a Holy Cross School (“Holy Cross”) for those two properties.
In October of 2004, NORA filed a petition for expropriation seeking to take the properties from their record owner, the defendant-appellant, Mr. Pittman. Mr. Pittman was served with the petition and citation along with an Order setting the case for trial on January 7, 2005. The citation referenced the petition, but made no mention of the Order setting the case for trial. The failure of the citation to encompass the Order setting the case for trial forms the crux of this appeal.
Mr. Pittman filed an answer on December 14, 2004. On January 7, 2005, after a trial on the merits the court rendered a final judgment of expropriation against Mr. Pittman. Notice of the judgment was mailed to Mr. Pittman on January |⅞21, 2005. The judgment became final when no motion for new trial was filed and no appeal was taken.
On February 1, 2005, Mr. Pittman filed a Petition to Annul Judgment based on the allegation that he was not “legally cited to appear,” and that the judgment was “not legally obtained.” In response, NORA filed its answer and an exception to the use of summary procedure on February 22, 2005.
On March 8, 2005, the trial court signed an order accepting Holy Cross’ petition in intervention in opposition to Mr. Pittman’s petition to annul. Holy Cross has also filed a brief opposing Mr. Pittman’s appeal which we have carefully considered.
After a trial on the merits of the annulment on March 18, 2005, the court ruled against Mr. Pittman based on a finding that he was in fact served on December 2, 2004.
In his reply brief on appeal, Mr. Pittman emphasizes that he is not complaining about lack of service or notice of the expropriation proceeding. After all, he did file a timely answer. His sole contention on appeal is that the Order setting forth the trial date annexed to the petition does not satisfy the citation/notice[1] the requirements of La. R.S. 19:5. Mr. Pittman argues that La. R.S. 19:5 mandates that he be served with a separate notice or citation in addition to the information concerning the trial date contained in the Order annexed to and served with the petition. The citation refers only to the petition for expropriation, making no mention of the Order fixing the trial date.
| ¡¡This expropriation proceeding is subject to the special citation/notice provisions of La. R.S. 19:5 Band C:
B. The clerk of court shall issue to the defendant, at least sixty days before the time fixed for the trial, a notice signed by the clerk in his official capacity and under the seal of his office, accompanied by a certified copy of the petition, exclusive of exhibits, even if made a part thereof, and a certified copy of the order for trial.
C. The notice shall contain the following:
(1) The date of issuance.
(2) The title of the cause.
(8) The name of the person to whom it is addressed.
*895 (4) The title and location of the court issuing it.
(5) The date fixed for trial.
(6) A statement that the person cited must file an answer within the fifteen day period after service of citation and that failure to file an answer within the fifteen day period constitutes a waiver by the defendant of all defenses to the suit except claims for money as compensation for the property sought to be expropriated and claims for money as damages to other property.
Thus, the notice to the defendant required by La. R.S. 19:5 in expropriation proceedings calls for specific information. It is uncontested that the order fixing the trial date along with all of the other information required by the statute was served on Mr. Pittman at the same time the petition was served on him. The trial order clearly and unambiguously informed Mr. Pittman of the trial date. Additionally, we need not concern ourselves with the failure of the citation to comply with the 19:5 C(6) requirement of describing the consequences of failing to file a timely answer as Mr. Pittman filed his answer timely and does not raise that as an issue.
| ¿Therefore, while it might be argued that service on Mr. Pittman was not in conformity with a strict literal reading of the statute, there is no doubt that in substance all of the information required to be served on him was in fact served on him. There are no due process issues here. There was proper service and the notice in the form of the trial order was timely and fully informative.
Thus, NORA contends that it is sufficient that the Order fixing the trial date was served on Mr. Pittman and that it is not required that the trial date be separately referred to in the 19:5 citation/notice. We agree.
The notice Mr. Pittman complains was not served on him is not, under the facts of this case, analogous to the citation that is required to accompany a normal petition instituting suit. The citation accompanying a petition is intended to furnish additional legally vital information not included in the petition — it officially informs the defendant that an answer is called for and tells the defendant when that answer is due, along with an admonition of the potential for an adverse judgment by default for failure to file a timely answer — information not officially found in the petition, which information is necessary for due process. In the instant case, Mr. Pittman was served with a copy of the trial order, an official court document, served by an official process server, containing all of the information Mr. Pittman claims should have been in the notice. To put it another way, Mr. Pittman had both service and notice. As there was formal service in the instant case, the instant case is not analogous to those cases holding that actual notice is insufficient in the absence of proper service
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.

. The "notice” referred to in 19:5 is what is more commonly referred to as the “citation” in matters of service of process. Louisiana Power & Light Co. v. Caldwell, 353 So.2d 371, 375 (La.App. 1 Cir.1977); Tenneco Inc. v. Earhart, 220 So.2d 109, 110-111 (La.App. 3 Cir.1969),; Michigan Wisconsin Pipe Line Co. v. Sugarland Development Corp., 221 So.2d 593 (La.App. 3 Cir.1969).