KUHN, J.,
dissenting.
| Nlie proper method for contesting the sufficiency of service of process is by filing a declinatory exception, which is a special pleading that must be filed within a prescribed period. See La. C.C.P. art. 921 et seq. Article 928 mandates that a declina-tory exception must in all events be filed prior to the confirmation of a default judgment. Once a default judgment has been rendered, the defendant’s sole remedy for raising this issue is to file a suit to annul the judgment. See Rivera v. Blossom, OB-1629 (La.App. 4th Cir.4/7/04), 872 So.2d 541, 543; Guidry’s Seafood Distributors, Inc. v. Farmers Seafood Company, Inc., 99-1005 (La.App. 3d Cir.12/15/99), 759 So.2d 806, 807, writ denied, 00-0837 (La.5/12/00), 762 So.2d 15.
In the instant case, the issue of whether the default judgment against defendants is an absolute nullity due to improper service upon defendants may be a viable issue. Even so, that issue must be raised in a procedural proper manner. The declinato-ry. exception filed by defendants in this case was not filed until after plaintiffs had already confirmed a default judgment against them. Accordingly, it was improper for either the district court or this Court to consider the untimely exception. See Chatoney v. Safeway Insurance Company, 00-1189 (La.App. 3d Cir.6/13/01), 801 So.2d 448, 452, unit denied, 01-2057 (La.11/2/01), 800 So.2d 875.
Following the confirmation of the default judgment against them, defendants’ sole recourse was to file suit to annul that judgment, which they failed to do. Absent the filing of a suit in nullity, the issue of service upon defendants |2cannot properly be addressed. Mlowing defendants to circumvent the requirement that a suit to annul be filed has the effect of totally eviscerating that requirement and seriously impairing the functioning of the procedural framework established under our law.
Moreover, I also disagree with the majority’s conclusion that annulment of the default judgment is appropriate pursuant to Article 2164 since, in doing so, the majority is rendering a judgment that is itself procedural defective, the proper procedure for raising this issue not having met. Additionally, neither the majority opinion nor the record discloses any specific circumstances mitigating in favor of annulling the default judgment pursuant to Article 2164.
For these reasons, I respectfully dissent.